
## MEACHAM and others *vs.* DUDLEY.

*A default for not pleading* will be opened, where it is suffered by the *neglect* of the attorney, and he is insolvent.

February 3.

MOTION to set aside default. This is an action against the defendant, as sheriff of Oswego, for the escape of one Bentley. The capias returnable in October, 1826, was duly served on the sheriff. Previous to the day of return of the writ, Bentley retained attornies to defend the suit, who, in May, 1827, ruled the plaintiff to declare. The plaintiffs' attorney having possession of the writ, and not having filed it, disregarded the rule to declare. The writ was filed in August, 1828, and in *April*, 1830, the defendant's attornies again ruled the plaintiff to declare. On the 22d *May* a declaration was filed and served, and on the 3d *July* the defendant's *default* for not pleading was entered. A motion is now made to set aside the default, founded on the affidavits of Bentley and of one of his bail for the limits, and on an affidavit of merits of the sheriff. Bentley states that one of his attornies removed from Oswego to Niagara in 1827, and that after his removal, he depended upon the other for the defence of the cause; that he was informed by his attorney that the cause would be tried in December, 1829; that he attended the circuit for that purpose, but being told by one of the plaintiffs that the cause would not be tried at that circuit, he departed; and that previous to the *June* circuit in 1830, he was informed by his attorney that it was optional with him whether the cause should be tried at the then ensuing circuit, or at the following December circuit, and he chose the trial should be in December. In *November*, his attorney told him he must make an affidavit, but postponed the making of it to a future time, and did not explain the purport of the affidavit wanted. On the 18th *December*, he called on his attorney for subpœnas, expecting the cause to be tried at the then ensuing circuit. The attorney told him that the cause would not be tried, that he had obtained an advan-

tage of the plaintiff, from which he could not be relieved, but refused to explain what he meant. On the first day of the *December* circuit, Bentley and one of his bail for the limits employed another attorney to make enquiries as to the situation of the suit, and learnt that a default had been entered. The excuse offered by the attorney for suffering a default is that he was desirous to obtain the sheriff's affidavit of a return of Bentley to the limits before suit brought, and that the escape was not voluntary, and that he had been disappointed in obtaining it. The attorney who suffered the default is *insolvent*, and unable to respond in damages to his client, and another attorney is substituted, who makes this motion.

*T. C. Chittenden*, for defendant.

*J. W. Helme*, for plaintiffs.

*By the Court*, SAVAGE, Ch. J. In *Denton* v. *Noyes*, 6 *Johns. R.* 296, the court refused to set aside a judgment which had been confessed *without authority*, but stayed proceedings on the judgment, and gave the defendant an opportunity to contest the demand of the plaintiff, by permitting him to plead, and requiring the plaintiff to go to trial. In delivering the opinion of the court, Kent, Ch. J. adverts to the rule laid down by the King's bench, in the time of Lord Holt, 1 *Salk.* 88, that if the attorney for the defendant be not *responsible*, or perfectly competent to answer to his assumed client, they would relieve the party against the judgment ; for otherwise a defendant might be undone ; and adds, that he is willing to go still further, and in every such case to let the defendant in to a defence to the suit. The rule is hard, as laid down in *Denton* v. *Noyes*, and we have frequently intimated that we would interfere for the relief of a party whose rights were concluded by the neglect of his attorney, where, without such interference, the party would be remediless in consequence of the insolvency of the attorney, although we never have decided the question. Now it is decided. The defendant in this case is entitled to have the default opened, on payment of all costs.