ALBANY,
Oct. 1832.

Grazebrook
v.
M'Creedie.

---

### GRAZEBROOK *vs.* M'CREEDIE & E. SENIOR.

### A. CARRICK and another *vs.* SAME.

A judgment entered on a *cognovit* given by an attorney of this court *as the attorney of two partners,* when in fact he was employed by only one of them on whom a declaration had been served, and the other was wholly ignorant of the commencement of any suit, will not be set aside as unduly entered, where all fraud and collusion between the parties is denied, and there is no allegation that the attorney giving the cognovit is irresponsible.

The court will however, in such case, stay the proceedings on the judgment, and permit the party complaining to put in a plea and contest the validity of the demands of the plaintiff.

Where such judgment was confessed, in violation of an injunction of the court of chancery, this court refused to set it aside on that ground, leaving it to that court to vindicate its own authority.

ON the *eighth* day of September last, *M'Creedie,* one of the above defendants, filed a bill in chancery against E. Senior, the other of the above defendants, and one R. Senior, alleging that they were his copartners in trade, charging them with having fraudulently removed goods belonging to the firm, with the intent of depriving some of the creditors of the firm of their just claims, and praying an injunction restraining them from removing goods, collecting debts, &c. and asking for the appointment of a receiver. On the same day an in-

October 4.

junction was granted, but so modified that E. Senior was permitted to act with M'Creedie in the sale of the goods by retail. On the *tenth* day of September, suits were commenced by the *plaintiffs* against M'Creedie and E. Senior, by the *filing of declarations*, copies of which were served on E. Senior, but *not on M'Creedie*. E. Senior took the declarations served on him to E. T. Martin, an attorney of this court, told him that there was no defence to the actions, and directed him to give *cognovits*, which he accordingly did as *attorney for both defendants*, on being furnished by E. Senior with the amounts due to the plaintiffs. The *cognovits* were delivered to the plaintiffs' attorney, who, on the same *tenth* of September, entered judgments thereon and issued executions, which were levied on the goods of the firm; one execution being for the sum of $1021,93, and the other for $8,252,45. M'Creedie made a motion to set aside the judgments and executions, on an affidavit stating that the cognovits had been given without his knowledge or approbation; that the first intimation he had of any suits having been commenced was the levy under the executions; that though Grazebrook was a creditor of the firm, the debt due to him did not exceed $2000; and that although Messrs. Carricks were also creditors, the amount due to them did not exceed $1000. He stated his belief that the judgments were confessed by collusion with the plaintiffs to give them a preference, with knowledge on the part of the plaintiffs of the proceedings in chancery, and knowledge on the part of their attorney that the cognovits were unauthorized by him; that E. Senior and R. Senior are the *agents* of Grazebrook, who resides abroad. In opposition to the motion, E. & R. Senior made affidavit that the amounts confessed were justly due to the plaintiffs, that there was no collusion between them, or any agreement that judgments should be confessed; one of the Carricks also made affidavit that he directed the suit in favor of his firm to be commenced, and had no knowledge of the subsequent proceedings; the partner of the attorney for the plaintiffs (who in the absence of the attorney conducted the proceedings) swore that the cognovits were given without any collusion or arrangement with E. Senior; and Martin, the attorney who gave the cognovits, al-

so denied all collusion, or arrangement, or understanding with the plaintiffs or their attorney or counsel. The motion was argued by

*H. Maxwell*, for the defendant M'Creedie.

*S. A. Foot*, for the plaintiffs.

*By the Court*, SAVAGE, Ch. J. The fact of collusion and fraud is fully denied by the affidavits on the part of the plaintiffs. The principal question arising in the case is, whether one partner has power to employ an attorney for all the copartners not brought into court, and whether a judgment confessed by such attorney is regular?

It is a general rule that each partner has authority to make contracts relating to the partnership, and to dispose of the partnership property in the regular course of business ; but it is well settled that one partner cannot bind his copartner by deed without authority by deed, or without his presence and assent at the time of execution ; and the reason assigned is, that if he had that power, he might encumber the real estate of the copartner. 1 *Wend.* 326, *and cases there cited.* Nor can he confess a judgment by bond and warrant of attorney, 9 *Johns. R.* 285, 2 *Caines*, 254 ; and in pursuance of the same principle, it was decided in *Wakeman* v. *French & Wilkins*, 1 *Wend.* 311, that one partner cannot confess a voluntary judgment, which will be obligatory upon his copartner, without a suit regularly instituted against both, and both actually or by operation of law *brought into court*. Where a capias is issued against all the partners and served upon one, the plaintiff may by virtue of the statute proceed against all ; but a voluntary judgment confessed out of court was held in that case valid only against the partner who confessed the judgment, and that it was an extinguishment of the partnership debt. That case is in some of its features like the present ; a capias was issued in that case returnable out of term, and service admitted by one partner. Here declarations were served on one partner, and service admitted by him to be good. In neither was there in fact a suit regularly commenced. Had

ALBANY,
Oct. 1832.

Grazebrook
v.
M'Creedie.

Senior in this case confessed in person a judgment by cogno-
vit, signed by himself, the case would have been precisely
similar in principle to the case of *Wakeman* v. *French & Wil-
kins;* it would have been a voluntary confession by one part-
ner, and valid as to him, but void as to his partner.   In this
case Senior did not do so, but employed an attorney, and (as
is stated by both Senior and Martin) authorized him to con-
fess judgments. At first blush, it seems strange that that can
be done indirectly which cannot be done directly; and it
would seem that the same course of reasoning which led to
the conclusion that a judgment confessed by Senior himself
would have been void against M'Creedie, should also pro-
nounce that void confessed by the attorney; but here we
are met by the case of *Denton* v. *Noyes,* 6 *Johns. R.* 296, where
this court refused to set aside the judgment, though it appear-
ed the attorney had confessed a judgment in vacation with-
out any authority from the defendant. So far as the defend-
ant M'Creedie is concerned, this case is like that of *Denton* v.
*Noyes.* The attorney, Mr. Martin, has confessed a judgment
as his attorney, but in fact without any authority to do so.
In *Denton* v. *Noyes,* the court said, "the judgment in this case
is regular upon the record." So it is here.   It is there said :
" If the attorney has acted without authority, the defendant
has his remedy against him ; but the judgment is still regu-
lar, and the appearance entered by the attorney without war-
rant is a good appearance as to the court." The same is true
in this case.   There the court refused to interfere by set-
ting aside the judgment, because it did not appear that the
attorney was irresponsible ; nor is that fact alleged here.
In *Meacham* v. *Dudley,* 6 *Wendell,* 514, this court did in-
terfere and set aside a default, because the party injured
was remediless in that respect, the attorney being insolvent.
In *Denton* v. *Noyes,* the court said, " If there had been any
collusion between the plaintiffs and the attorney for the de-
fendant, it would have altered the case;" in this case, though
collusion is alleged, it is fully denied.   In that case the
court said that the plaintiff was as innocent as the de-
fendant, and had waited the usual time after the com-
mencement of the suit before a cognovit was given, re-
posing upon an appearance by a regular attorney; in this

case there had been no delay, but on the contrary unusual precipitancy. The agent of Grazebrook the plaintiff, and his counsel, and the counsel of the other plaintiffs who directed all the proceedings in the absence of his partner, the attorney on record, had no reason to believe that M'Creedie would confess a judgment, yet there was no communication between him or the plaintiffs, and the defendant's attorney, Mr. Martin, who not knowing of any disagreement between the partners, acted innocently, though unadvisedly in confessing the judgment. It was what the plaintiffs desired, but it does not appear to have been effected by their procurement. In *Denton* v. *Noyes*, the court permitted the plaintiff to retain his lien and the preference which he had acquired over other creditors, but permitted the defendant to contest the validity of the claim. The same should be done in this case. This gives the defendant M'Creedie all he can ask, and it is M'Creedie alone we can consider as making this motion, although it may be for the benefit of other creditors who are not judgment creditors but creditors at large, and therefore not entitled to appear in court and contest the judgment in this case. Although the rule adopted in *Denton* v. *Noyes* may be in some cases hard in its operation, it has been long established, and has not been departed from by this court; it has also been adopted in Pennsylvania. That one partner may employ an attorney for all the partners in their absence, was decided by the supreme court of the United States in *Hill* v. *Ross*, 3 *Dallas*, 331, and that one partner may refer to arbitration, has been held in Pennsylvania, in *Taylor* v. *Coyell*. 12 *Serg. & Rawle*, 243. There are considerations applicable to an appearance by an attorney, which do not apply when the question is whether one partner can confess for another, which are stated in *Denton* v. *Noyes*.

In the case of *Wakeman* v. *French & Wilkins*, the motion was made by a judgment creditor having a conflicting execution, and the question there was between judgment creditors. Here it is simply between the plaintiffs and the defendant, and therefore the same rule should be adopted as in *Denton* v. *Noyes*, leaving the defendant M'Creedie to his remedy against his assumed attorney, who having explained his con-

duct, no proceedings are necessary to be instituted against him on behalf of the court.

That the plaintiffs have proceeded contrary to the order of the court of chancery, is not a reason for vacating the judgments; they may be published by that court for their contumacy. Such orders have been regarded as matters of excuse. We never compel a party to proceed when restrained by chancery, nor make him pay costs; but no case has been cited to shew that we have power to deprive him of any legal advantage he may gain by such proceeding. The court of chancery has sufficient power to vindicate its authority.

Whereupon the court ordered that the defendant M'Creedie have leave to plead the general issue, with notice of set off, or any special matter, if any there be, which could be pleaded in bar, and could not be given in evidence under the general issue, within ten days; in the meantime, all further proceedings on the part of the plaintiffs to *stay*. Independent of such plea, the plaintiffs to be at liberty to proceed with their executions. The costs of the suits and of this motion to abide the further order of the court.