Mr. Chief Justice Sharkey
delivered the opinion of the court.
The plaintiff in error brought ejectment to recover the east half of the south-west quarter of section number twenty, in township nine, of range three, east. The parties made an agreed case in the court below, by which it appears that Smith derived title to the land in controversy, from the patentee, Sumral, in 1835. In 1834, two judgments were rendered in the circuit court of Madison county, against William F. Smith and Peter C. Goosey, as partners, trading under the firm of William F. Smith & Co., in favor of Steele, for the use of N. & J. Dick & Co. On these judgments executions issued, and the sheriff levied on personal property, and took forthcoming bonds, which were returned forfeited ; and executions were afterwards issued on the forfeited bonds, and part of the money paid, but by whom it does not appear. For the balances due, the land in controversy was levied on and sold, and the defendant in error derives _ title from the purchaser at sheriff’s sale. It was in proof that the forthcoming bonds were not signed by Smith, but that his name was attached to them by his partner Goosey, and no authority from Smith for that purpose was shown. The court gave judgment for the defendant, and the case comes up by writ of error, and it is now insisted that Goosey had no power to bind his copartner Smith, by signing the partnership name to the forthcoming bonds, which were sealed instruments, and that the executions under which the land was sold, having issued on these bonds, were therefore void. If this position be true, the plaintiff must recover his land.
It seems to have become almost an axiom in law, that one partner cannot bind his copartner by deed, without authority for that purpose. This limitation arises from the technical rule that to bind another by deed requires a special authority. Partnerships are usually formed for conducting mercantile transactions, or for carrying on business which does not require the use of sealed instruments, and it is therefore generally out of *269 the usual order of business, for one member of the firm to execute deeds for the others. Such a power would enable one partner to encumber with liens the entire individual property of his copartner, and on this account it is contrary to the policy of the law to give effect to such instruments. This question was fully investigated by Chief Justice Marshall, in the case of Anderson and Wilkins v. Tompkins, et al., 1 Brock. R. 456. He expressed himself as being dissatisfied with the extent to which the rule had been carried, and held that it could not apply in cases where the contract need not be by deed. In such cases he said the deed could not make void a contract which would be valid without it. Still, he held the rule to be a sound one in its application to property that can pass only by deed, and liabilities that can be created only by deed. Chancellor Kept also seems to regard the rule as well settled, and on sound policy, that one partner cannot bmd his copartner by deed, except in one or two instances of debts due the firm, or to proceedings in ba*k^rauy'^Z|j^OT¿s Com. 5th ed. 47, et seq. Indeed, no priWbhpla has recede?! more universal assent, and no rule seems/to admifi^^^W^ exceptions. Deeds so made, which prqfes£ 4a trapsfer 'thg'|||roperty of the absent partner, or which incu\liabutíre®rded as absolutely void as against the nartnefr^hp Mid pdrimn. but valid as to those who did sign. It becomWa matter of some consequence to inquire into the effect of a judgment which has been procured in consequence of a deed executed by one partner in the name of the firm, inasmuch as the forthcoming bond which was executed by Goosey, became a judgment by operation of law, when forfeited, and on it the execution issued under which the land in controversy was sold. Green v. W. & T. Beals, 2 Caines R. 254, is a leading case on this subject, and very much in point. A warrant of attorney, under seal, was executed by one partner in the name of the firm, on which a judgment was rendered and an execution issued. The partner who did sign the warrant, moved to set aside the execution. The court refused to give him relief, because he was legally liable in a proper action, but the court' decided that the judg *270 ment was void as to the partner who did not sign, and that they would give him relief by directing that the execution should not be levied on his property. Again, in the case of Crane v. French & Wilkins, 1 Wendell, 311, it was held that one partner cannot confess a judgment which will bind his co-partner individually. The same question was again very fully discussed in the case of Grazebrook v. McCreedie & Senior, 9 Wendell, 437. A judgment was rendered on a cognovit, given to an attorney as ¿he attorney of the firm, when in fact he was only employed by one member, the other being ignorant of the proceeding. The court refused to set aside the judgment, but opened it so as to allow the other partner to contest the claims. By this refusal the court virtually held, that although one member of a firm cannot bind the other hy confessing a judgment, yet, that the attorney of one member may bind the firm by such confession. This decision was based on a previous one, which decided that a judgment confessed by an attorney without authority, is binding on the party, and that he must have his recourse on the attorney. With this feature in the case we have no concern; it is cited for the purpose of showing that one member of a firm cannot bind his copartners by a confession of judgment, and that principle is fully recognized. On the strength of these authorities we are bound to hold that the bond given by Goosey was invalid as to Smith, and also that the statutory judgment on the bond was equally invalid.
But it is insisted that the validity of these judgments cannot be thus collaterally inquired into. We have seen, from the authorities, that such judgments may be declared inoperative on motion, which is but a collateral inquiry.' Judgments are conclusive until regularly reversed between parties and privies, where the court has jurisdiction of the subject-matter and of the person ; but where it has not such jurisdiction, its judgments may be collaterally impeached. It is always competent to inquire into the jurisdiction of the court, for on this the judgment must depend for validity. On the forfeiture of a forthcoming bond, there is no formal judgment. The forfeiture operates as a *271 judgment by virtue of the statute ; and it must be based on such a foundation as will support a judgment. If Smith did not sign the bond, there was nothing on which the statutory judgment could rest. It is like a judgment without jurisdiction over the person. The process to render Smith amenable to the jurisdiction is wanting. He was not a party to the bond, and of course its forfeiture could not operate as a judgment against him.
Again says the counsel, it is too late to object to a forthcoming bond after the return term. It is true that a party to such a .bond cannot have it quashed after the return term, but it is never too late for one who is not a party to it, to object to its operating to charge him. As to him it is void. And it is also said that in judicial proceedings one partner may give a bond which will bind the firm. Whether this be true in any case we need not inquire; it is certainly a misapprehension of the law when such bonds are to become the foundation of a, judgment without further notice to the party who did not sign. The position is also taken that such bonds are not void but voidable, because they may become binding by the acquiescence of the party. Such acquiescence may be regarded as evidence that the party who did not sign, gave power to the other partner to sign for him. Such authority may be by parol, if the party be present, and then it is as much his bond as though he had signed it. But the authorities referred to hold them to be void. If any such authority had been given by Smith, it was incumbent on the defendant to have proven it.
It is further urged that even if the bonds were void, that still the sale by the sheriff may be sustained as resting on the original judgments, and the executions so amended as to conform to the judgments. The executions under which the property rvas sold, issued on the bonds, reciting that the forfeiture had the force and effect of a judgment, and it includes different parties, as it is against the surety as well as the principal. To amend it, would be to make a new execution. Besides, an amendment would not get rid of the mischief which the rule of law is intended to prevent, and it would also probably release parties who are noAV liable, and charge parties who may be *272 released, and thus entirely change the effect of the .process. When an original judgment is against all the members of a firm, it may seem immaterial whether the bond be signed by all the members, or by one for all, they being already bound. But the consequences may be important. The rights of the defendants are materially changed by giving a forthcoming bond. It operates as an irrevocable judgment by barring a writ of error. A judgment may be obtained without actual service of process, and if in such case one partner may bind the other by forthcoming bond, one who is entirely ignorant of the existence of any legal proceeding against him, may have his entire property incumbered without his knowledge or consent. The law has it in view to prevent one partner from disposing of, or creating liens, on the individual property of the others, and any means by which such a result is brought about must be illegal. We therefore think the law on the agreed case is for the plaintiff; the judgment must therefore be reversed and entered accordingly.