### STERNE vs. BENTLEY & McLAUGHLIN.

Where, in an action against joint debtors, and only one of them is served with summons and complaint, the Plaintiff may proceed against the Defendant served, in the same manner as was done previous to the adoption of the code (§ 115 of the code, 1st subdivision,) that is, enter judgment against all of the Defendants, and issue and levy executions against

the joint property of all, or against the individual property of the Defendant served. The 2d subdivision, § 115, which provides for amending the complaint of course, by striking out the names of the Defendants not served, applies to Defendants *severally* but not *jointly* liable.

An offer in writing to allow judgment to be taken against the Defendant, *signed by his attorney*, is a compliance with § 338 of the code; and is equivalent to a signing by the Defendant himself.

An attorney, who appeared with authority from one Defendant served with summons, &c., who was jointly liable with another Defendant not served, and who gave no authority, by an offer in writing, permitted judgment to be taken against both Defendants; *held*, that the judgment was regular, and all fraud and collusion being denied, it was permitted to stand as security, and the Defendant not served swearing to merits, was allowed to come in and defend. (See 6 John. 296; 9 Wend. 437; 6 Wend. 514; 1 Wend. 311.)

*Special Term, Rensselaer county, Oct.* 13, 1848. Before PAIGE, Justice.—Motion by Defendant, Bentley, to set aside the judgment and execution in this cause as against him.

The Plaintiff, Sterne, on the 8th day of Sept. 1848, caused a summons and complaint to be served on the Defendant, McLaughlin. On the same day J. Van Santvoord, as attorney for both defendants, served an offer signed by him as such attorney, upon the Plaintiff's attorney, to allow judgment to be taken immediately for $489.17, and the Plaintiff's attorney on that day gave Van Santvoord notice that the Plaintiff accepted the offer; and judgment was thereupon entered accordingly against both Defendants.

Bentley moved to set aside the judgment, and the execution issued thereon as to him, upon an affidavit stating that Van Santvoord had no authority to appear for him in the suit, and that he had acted as attorney for him without his knowledge or consent; that the judgment had been confessed by fraud and collusion between the Plaintiff and the Defendant, McLaughlin, or their attorneys; that the partnership between Bentley and McLaughlin (if any) was dissolved on the 7th Sept. 1848; and that the execution had been levied up property which was not the partnership property of the Defendants.

The Plaintiff read affidavits denying all fraud and collusion in obtaining the judgment, and denying the dissolution of the partnership of the Defendants, and averring that the property levied upon was the property of the firm of Bentley & McLaughlin. It appeared that McLaughlin had employed Van Santvoord to appear for himself and Bentley, without the knowledge or consent of the latter. Bentley swore to merits.

S. G. HUNTINGTON, *for Bentley.*

E. PEARSON, *for Plaintiff.*

PAIGE, Justice.—It is objected by the counsel of Bentley, that the statute in relation to proceedings against joint debtors, (2 R. S., 377,) where the process or declaration is served upon one of the Defendants only, is superseded by the code; and that no judgment under the code can be entered against any person, unless upon a personal service of the summons, or by publication, as prescribed in sections 113 and 114 of the code. This objection, I think, is not well founded. Section 115 of the code provides, where the action is against several defendants jointly indebted, and any one of them is actually served with the summons, that the Plaintiff may proceed against the Defendant served, in the same manner as he could have done previous to the adoption of the code, and with the like effect, unless the court shall otherwise direct. To proceed against the Defendant in the same manner as was done previous to the adoption of the code, is, to enter a judgment against all the Defendants, and to collect the execution out of the personal property of any Defendant not served with process, owned by him as a partner with the Defendants served, or with any of them, or out of the separate property of the Defendants served with process; but not to levy the execution on the sole property of any Defendant not served with process. That this is the true construction of the 1st subdivision of the 115th section is apparent from the 2d subdivision of that section, which provides, that in an action against Defendants severally liable, the Plaintiff may amend his complaint of course by striking out the names of the other Defendants, and may proceed against the Defendants served. This provision to strike out the names of the Defendants not served, and to proceed against the others, is not made applicable to the case of joint debtors. The proceeding as against them is thus left to be conducted in the manner prescribed by the Revised Statutes; § 328 (of the code,) merely provides in what manner the Plaintiff must proceed against a joint debtor not originally summoned in order to make the judgment binding upon him, in the same manner as if he had been originally summoned. (Sections 332 and 333.)

I think an offer in writing to allow judgment to be taken against the Defendant signed by his attorney is a compliance with the 338th section of the code. It is equivalent to a signing by the Defendant himself.

It seems that the attorney who appeared for the Defendants in this case had no authority from Bentley to appear for him. The attorney's authority was wholly derived from McLaughlin. In *Denton* v. *Noyes*, 6 John., 296, where an attorney appeared for a Defendant, without authority, and confessed judgment, it was held that the judgment was regular; but if there was any fraud or collusion between the Plaintiff and the

Defendant's attorney, or if the attorney of the Defendant was irresponsible, the court would relieve against the judgment; and that the court in order to protect the Plaintiff from suffering by the act of the attorney, and at the same time save the Defendant from injury, will let the judgment stand, but stay all proceedings, and let in the Defendant to plead, if he has any defence.   The rule laid down in *Denton* v. *Noyes* was·followed in the case of *Grazebrook* v. *McCreedie, &c.*, (9 Wend., 437,) a case precisely like the present.   In that case a judgment was entered on a cognovit given by an attorney as the attorney of two partners when he was in fact employed by only one of them on whom alone a declaration had been served.   (See 6 Wend., 514; 1 Wend., 311.)   In *Hammond, &c.*, v. *Harris, &c.*, 2 Howard's Pr. Rep., 115, relief was denied because merits were not sworn to.   In this case, fraud or collusion between the Plaintiff and the Defendant McLaughlin, or his attorney, is denied by the Plaintiff.   And the allegations in Bentley's affidavit of the dissolution of the partnership between him and McLaughlin, and that the execution had been levied on property which was not the partnership property of the Defendants are also denied.   But it is conceded that Bentley never authorised the attorney to appear for him; and Bentley swears to merits.   He is, therefore, entitled to the same relief as was granted in *Denton* v. *Noyes*, and in *Grazebrook* v. *McCreedie*.   An order must be entered that the judgment, execution and levy stand as security, but that all proceedings under the same to be stayed until the further order of the court, so far as relates to the Defendant Bentley, or to his interest in the property levied upon; and that Bentley have leave within twenty days to appear and put in an answer to the complaint, to which the Plaintiff may reply; and if Bentley does not within twenty days put in his answer to the complaint, the Plaintiff to be at liberty to proceed with his execution under the judgment.