The opinion of the Court was delivered by
Richab-dson, J.
The affidavits of C. Burckmyer and S. Dawson afford, at least, prima facie evidence of the necessary and essential fact of the case, and of the interest and position of the party moving to set aside the judgment.
The final question is this : Can the judgment confessed by Mills, be good and effectual in law, so as to bind the mercantile firm of Dickson & Mills, and supersede the subsequent assignment to Beach ? In considering the motion to set aside the judgment, which has been entered up both against S. D. Dickson and S. S. Mills, I shall take, as settled and conceded, the following legal positions:
1. That one partner has no legal right to confess a judgment for his copartner. See Green Sp Mosher vs. Beals, 2 Caines’s Rep. 254; Harrison vs. Jackson, 7 T. R. 20.
2. That by our Act of 1785, (7 Stat. 232,) all powers of attorney to confess judgment before suit brought, are void. See Dial vs. Farrow, 1 Spears, 115; 9 Wend. 437; 1 Ib. 311.
3. That motions to set aside judgments for irregularity, defect, or error, are competent before our Court of Common Pleas, in all cases, where the writ of error would lie in England. See Mooney vs. Welsh, 1 Mill, 133, in which case substitution of a motion, here, in open Court, in the place of the writ of error, *493 there, is fully considered and decided : and has been acted upon ever since. Barns vs. Branch, 3 McC. 19.
4. That none but a party to.the record can take advantage of the mere irregularity of the judgment, or defect in form only. See Bourdeaux ads. Treasurers, 3 McC. 142; Mattheson ads. Garrineu, 2 Rice Dig. 48, § 67.
These law points are plain and established. But leave the application to. the facts of the case to be considered. First, then, is the alleged defect of the judgment, a mere irregularity, or defect in form ?
It is not questionable, that the defect of the judgment, in the case before the Court, is one of substance and not of mere irregularity of form; i. e., if true, per se it destroys the judgment; and revocation follows, of course. The judgment is recalled. So that, if Dickson were to move to set it aside, as a judgment null and void, as to him, there could be no doubt of the success of his motion : — Simply, because he had not signed the cognovit or confession of judgment made by Mills. And this, notwithstanding it is in form, as if Dickson too, had confessed it. For the distinction between mere irregularity and defect in substance, see 1 Tidd Pr. 437.
So far, the case as well as the principles of law are plain.
But it is questioned, and that is the important question of the case — Whether Burckmyer, the agent, appointed by the creditors of Dickson & Mills, under the Act of 1828, 6 Stat. 365, and acting on behalf of such creditors, has the same right as Dickson to succeed in a similar motion.
Secondly, then, we are to enquire, What are the powers and interests of such an agent as Burckmyer.
The Act empowers the creditors, p. 366, “ to name and appoint an agent or agents equal in number to the assignees, to act in their behalf, jointly with the assignee, or assignees, named and appointed by the assignor,”
By the fourth section it enacts “ That the proceeds arising from the sales of the property assigned, shall be deposited for *494 safekeeping in the Bank of the State of South-Oarolina, or ajny of its branches, in the joint names of the assignee or assignees, and agent or agents, and subject to their joint drafts.”
And throughout all its provisions, the Act treats the agent, as having the same powers as the assignee, charged with the same duties and responsibilities, and entitled to the same commissions for his labor. >
By legislative enactment, therefore, the assignee and agent have joint power, and if they differ, the Act provides for the appointment of an umpire.
And I cannot but conclude, from all fair reasoning, that, if Beach, the actual assignee, were to join Burckmyer in the motion to set aside the judgment, it would be successful, on account of the substantive error ascribed to such judgment, to wit: as null and void, against Dickson. And that the same success would follow their motion, if Beach were a stranger to the judgment and not a party to it. But Beach is interested to maintain his own judgment, and of course does not join in setting it aside, being more interested in the judgment than in the assignment made to himself for the common interest of all the creditors.
This position of Beach and Burckmyer forms the perplexing peculiarity of the case.
But has not, either, as well as both of them, sufficient inter- ■ est, for himself and the creditors, to submit a plain question of law to the Court — to wit: Is or is not the judgment confessed by Mills, null and void as against Dickson 1
And as between such agents, counteracting each other, will not the Court decide the question according to the strict law ?
Has not either of them, a right to claim the decision of the Court, ex debito justitice; and that, by the usual form of proceeding, by motion to the Court to look into the record of the judgment; and to decide whether the judgment confessed has been properly entered up against Dickson ?
This brings the Court to the enquiry: — What privity or in *495 terest is required to sue out the writ of error. In Bacon Abr. Error (B) it is said, that “ if tenant in tail within age comes in as vouchee by attorney in a common recovery, he in remainder may assign this for error ; for he is party in interest to the recovery, and where a man’s interest is bound by another’s act, it is but reasonable, he should be allowed to free himself from the mischief of it, by taking advantage of any error in it.” Is not Burckmyer as much interested in the present judgment?
Chitty says, “In setting aside a warrant of attorney, the Court of Law combines the jurisdiction of a Court of Equity as well as of a Court of Law, so as to have power to interfere even on mere equitable grounds. And such an application may be made not only by the defendant who executed it, or his representatives, but also by a creditor or landlord or other third party prejudiced by it.” 2 Gen. Pr. 336. He quotes Martin vs. Martin, 3 B. and Adol. 934.
In Harrod vs. Benton, 15 Eng. C. L. R. 202, a motion was made to set aside a warrant of attorney, judgment, and execution. Tenterden C. J. says, “I think the Court has a jurisdiction over the warrant of attorney, which it may exercise at the instance of an.y party, who has any interest in supporting it or in setting it aside.”
Tidd says, “ It is a general rule, that no person can bring a writ of error to reverse a judgment, who was not party or privy to the record, or prejudiced by the judgment, and, therefore, to receive advantage by the reversal of it.” 2 Prac. 1052.
And as it cannot be questioned, that the agent Burckmyer, and his principals the creditors, have not only an interest, but a very great one, in setting aside the judgment — a judgment which would absorb all the effects of the firm of Dickson &. Mills assigned to the creditors — such agent must be heard: and the law being with his application, his motion ought to prevail.
But, and lastly, as to the possible consequences. Is there any difficulty, or incongruity, that can follow, from setting aside the judgment? None that lean foresee. In that event, the *496 money in the hands of the sheriif simply passes into the hands of the assignee and agent, in virtue of the assignment; and, according to its provisions, for the-benefit of the creditors. But even if difficulties -were to he apprehended, the Court cannot he estopped from allowing a claim of legal right. The motion is therefore granted, and the judgment against the firm of Dickson & Mills is set aside. '
O’Neall, Evans and Fbost, JJ. concurred.
Wardlaw and Withers, JJ. dissented.

Judgment set aside.