## CARR vs. VAN CANEGHEIM.

*Third Judicial District Court, July* 1857.

FEES—SHERIFF'S COMMISSIONS.

The sheriff is not entitled to commissions upon the amount of an execution, unless the money shall actually be recovered by him.

Where the parties compromise, and the execution is settled, and no money passes through the hands of the sheriff, he should not be allowed commissions.

The question submitted to the court is, whether the sheriff is entitled to his commissions when he has levied upon property without sale and without collecting the money, the parties having compromised the claim.

The facts are, that an execution was placed in the hands of the sheriff to make the amount of the judgment in the case, and by him levied on real property of the defendants.

The parties afterwards compromised the claim, and the defendant paid to the plaintiff the amount agreed upon by the compromise, without any agency on the part of the sheriff except as aforesaid.

————————, for plaintiff.

————————, for defendant.

HESTER, J.—Held that the common law gave no fees to the sheriff. 13 Vin. Abr., 144.

The statute of Elizabeth provides, " that it shall not be lawful for any sheriff to take of any person for *serving* an execution more than, &c.;" under this statute it has been uniformly held in England that the sheriff is entitled to his poundage by the service of the execution. 5 Term Rep., 470; Strange, 1262.

The statute of New York gave poundage to the sheriff for *serving* an execution, to be taken from the sum *levied.* A former statute of that State was for *collecting,* &c. The courts there decided that the two statutes meant the same; and that the sheriff was entitled to his poundage by the service of the execution, although the claim was compromised: 13 John. R., 378; 5 John. Rep., 252; 9 Wend. 437: 17 Wend. 14; 1 Cain. R., 192; 2 Con., 421.

But by these statutes there was no provision allowing compensation for each official act of the officer upon an execution, as by the statute of this State. The 29th section of the act regulating fees, (Statutes 1855, p. 90,) provides that a sheriff shall be entitled to the following compensation, viz: For levying an execution, $2; for traveling in making the levy, 50 cents per mile; for advertising, $3; for making sheriff's deed, $5; for commission for *receiving and paying over* money on execution, &c. These items of compensation, together with others contained in that and other sections, show that the legislature never intended he should be entitled to his commissions where he had not received the money. By the English and one of the New York statutes, sheriff's poundage arose by the service of the execution. By the California statute, the commission originates by *receiving* the money, &c.; the phraseology being essentially different, a different decision is required. Therefore, in the case presented, the sheriff is not entitled to his commission. This view is also aided by the 51st section of the same act.