## KLEINSCHMIDT ET AL., respondents, *v.* FREEMAN & BARKLEY, appellants.

PRACTICE — *How to subject defendants not served to a judgment obtained in probate courts.*—When a judgment has been obtained in the probate court of one county against parties jointly indebted, but service is had only upon part, others residing in another county, such judgment can only be executed against the partnership property of the joint debtors and the individual property of those served.

To make such judgment binding against the debtors not served, the transcript of the judgment in the probate court should be filed with the clerk of the proper district court, and then by *scire facias* the other defendants not served should be brought in to show cause why they should not be made parties to the judgment.

A suit *de novo* in the district court cannot be maintained; but plaintiffs, having elected to proceed by action in the probate court, must put in operation the appliances of law in aid of such judgment, or show cause why it has not been done, before resorting to other remedy or course of procedure.

*Appeal from Third District, Lewis and Clarke County.*

E. W. TOOLE, for appellants.

This action was brought in the court below upon an account stated against the defendants as copartners. An action upon the same demand had theretofore been instituted by respondents against them as such copartners, upon the same demand, in a court of competent jurisdiction in this territory. Service only had upon Freeman; a judgment taken against both upon their joint liability, and an individual judgment rendered against the party served, in pursuance of the statute in such cases provided. Whether under this state of facts the present action can be maintained is the first proposition presented by the record in this case. That it cannot, we respectfully submit the following:

1. The words "joint obligations and covenants," as used in section 3, page 504, Codified Statutes, are used in their legal sense, and do not apply to the liability incurred by copartners, not in writing. To give them

their exclusive popular signification would incur serious mischief and disorder in the administration of the law. At common law all such obligations and covenants were not several, unless expressly made so by the instrument itself. It is an ancient and familiar rule of law that the obligee, even in such cases, must proceed against the obligors jointly or severally; that is, severally against each or jointly against all. Our Practice Act, in force at the time of incurring the liability and trial of the action (72, secs. 42, 420, 425; California, Harston, 414, 489–494), has to some extent changed this rule of the common law, and to that extent afforded a new right and a new remedy. In all such cases the remedy is exclusive. The only course to have been pursued by respondents is expressly marked out by the statute. They could have brought in the defendant not served by *scire facias*, and taken judgment against him, in the absence of a meritorious defense. This is the plain, unequivocal and exclusive right and remedy, in contradistinction to those given at common law.

A several action could not be supported upon an account stated (not in writing) between the parties on a partnership demand, and this is not that character of action if it could be. The joint liability is merged in the joint judgment; while proceeding against one severally bars a recovery upon the joint demand in a separate action. Upon all the various questions involved in this proposition, see Wells' Res Adjudicata and State Decisions, secs. 34–40; *Tay, Brooks & Backus* v. *Hawley*, 39 Cal. 98; *Robertson* v. *Smith*, 9 Am. Dec. 227; Chicago Legal News, January, 10, 1880, p. 148; Freeman on Judgments, 231, 232; 6 Wall. 235. Engagement joint, not several. Under the statute discussed in this case, contrary to the rule of the common law, the right of action against the parties not served is expressly recognized, while under our statute the right and remedy given requires them to be brought in, and permits answers in the

same suit. But for this at common law the right and remedy became extinct by the original judgment on this demand. This right and remedy has not been pursued, and to this respondents are alone limited. The liability of defendants, if any, is only joint. No several action 'is maintainable, and the statutory remedy is exclusive. The members of a copartnership, upon a liability like this, cannot be sued severally. The action is a joint action, and the joint liability being merged in the judgment, no other joint action is maintainable. *Kelly* v. *Van Austin*, 17 Cal. 564; *Tay, Brooks & Backus* v. *Hawley*, 39 Cal. 93; *Fladay* v. *Anderson*, 4 Nev. 437 *et seq.;* Freeman on Judgments, 231, 232; 4 Ohio, 435; 13 Mass. 148; 2 Gil. (Ill.) 359; 1 Pars. on Cont. (5th ed.) p. 12, note *c.*; *Olmstead* v. *Webster*, 8 N. Y. 413, bottom of 414; 13 Cal. 31.

2. The action is upon an account stated; the allegation is denied, and the court finds that there is no evidence on the issue. *Cary* v. *P. & C. P. Co.* 33 Cal. 694; *Foster* v. *Allinson*, 2 T. & R. 479; *Holmes* v. *De Camp*, 1 Johns. 36; 45 Cal. 515; *Brady* v. *Reynolds*, 13 Cal. 31; *Stearns* v. *Aguirre*, 6 Cal. 182.

3. As to the letter of credit, there is no allegation or proof that credit was given on the strength of it. See 4 Metc. (Ky.) 147; Brandt on Guaranty & Suretyship, 157–159, 161, 174; 11 Metc. (Mass.) 361; 22 Pick. 223; 2 McLean, 21.


CHUMASERO & CHADWICK, for respondents.

This action was brought in the district court of Lewis and Clarke county upon an account against the defendants, accrued and payable in said county, defendants at that time residing and doing business in Jefferson county.

The defendant Freeman having subsequently removed from Jefferson county to Deer Lodge county, an action was commenced by plaintiffs against the defendants in the probate court of Deer Lodge county. Service was had on Freeman alone, the defendant Barkley not having

been found or served, he being a non-resident of Deer
Lodge county and beyond the jurisdiction of the court, so
that no legal service could be made on him.

We agree with the appellant that sec. 3, p. 504, Codified
Statutes, being sec. 772 of the Revision, is not applicable
to contracts made and entered into by partners as a firm.

Section 42, Codified Statutes, being the same law in
force when the action was brought, we submit, even if
constitutional (which we do not admit), does not affect
this case.   At the time the action was brought in
Deer Lodge, Barkley was non-resident, and resided in
Jefferson county.   See Record, p. 16, lines 3, 4, 5 and 6;
also p. 18, lines 17 to 23.   There could have been, there-
fore, no personal judgment rendered against Barkley, nor
one which could in any way affect his rights or property.
*Treat* v. *McCall*, 10 Cal. 511.   See, also, case in 39 Cal.
93, cited by appellant.   In that case the question was
whether an action could be maintained on the *judgment*
as against the party not served, and the court held that
it could not, and that the party not served was not a
proper party to the suits on the judgment.   That the
only mode by which he could be bound by the judgments
was under that statute.   Here we do not sue on the
judgment, but on the original account.

In that case, also, it does not appear but that the de-
fendant not served was within the jurisdiction of the
court.

The probate court is an inferior court of limited juris-
diction, and had no power or authority to subject a
non-resident of the county in which it was held to its ju-
risdiction.   R. S. p. 190, sec. 688.   It cannot send process
beyond the territorial limits of the county in which it is
held.   It follows, therefore, that the defendant Barkley is
to be treated as he would be if he were a non-resident of
the territory.   That he could not be brought in and made
a party to the judgment even by *scire facias*, as assumed
by appellant.   And we submit that this action was not

merged in the judgment rendered against Freeman. Wells on Res Adjudicata, sec. 41; *Olcott* v. *Little*, 9 N. H. 261; *Tappan* v. *Buren*, 5 Mass. 196; *Dermott* v. *Cheek*, 2 Greenleaf, 192; *Brown* v. *Birdsall*, 29 Barb. 551; *Johnson* v. *Smith*, 23 How. Pr. 444; *Oakley* v. *Aspinwall*, 4 N. Y. 513; *Sheepy* v. *Mandeville*, 6 Cranch, 253; *Bonesteel* v. *Todd*, 9 Mich. 239; *Wilson* v. *Eldred*, 6 Wall. 239.

The last case (cited by appellant) is to the effect that the demand against parties not served is not merged in the judgment against the party brought into court.

This case differs from the cases where a plaintiff has elected to sue and has obtained a judgment against one of several joint debtors, or where there are dormant partners. It is one where both joint debtors are made parties, and where, by reason of non-residence of the defendants not served, no jurisdiction vested in the court, and a judgment against such non-resident defendant could not be rendered. Freeman on Judgments, secs. 219, 233, 234; *D'Arcy* v. *Ketchum*, 11 How. 165; *Bonesteel* v. *Todd*, 9 Mich. 321.

The judgment pleaded by the defendant Barkley was not rendered in a cause between the same parties. In this case the suit was upon an account due to Albert Kleinschmidt and Charles Mayne. The action in the probate court of Deer Lodge county was one in favor of Albert and Charles Kleinschmidt.

As to the point made in the brief of appellant, that the present action is based upon an account stated, we deny that it has any force. The action is upon an account for goods sold and delivered, alleging the sale and delivery and non-payment, being all the facts necessary to be alleged in the complaint. It was unnecessary to allege a promise to pay. *Higgins* v. *Germaine*, 1 Mont. 230; Codified Laws 1872, sec. 49; *Allen* v. *Patterson*, 7 N. Y. 476; *Green* v. *Palmer*, 15 Cal. 412.

The averment in the complaint, that, after the sale and delivery of the goods, the parties accounted together, is

mere surplusage, and might have been stricken out on motion, and the complaint would have remained good. Surplusage will not invalidate.

Whether this allegation, however, be or be not surplusage can make no difference, as there was no denial of the allegation in the answer, and evidently the appellant either considered it as surplusage, or was unable truthfully to deny it, and upon the pleadings alone the plaintiffs were entitled to judgment.

CONGER, J.  This was an action in the district court of Lewis and Clarke county upon an account for goods, wares and merchandise alleged to have been sold by plaintiffs' assignees to the defendants Freeman & Barkley, at the town of Helena in said county, during the years 1873–4.  The defendant Barkley answered and set forth that on the 6th day of July, 1876, the assignees of the claim and account mentioned in the complaint instituted an action for the recovery thereof in the probate court of Deer Lodge county against these defendants; that a summons was issued therein and duly served upon the defendant Freeman; that on the 18th day of August, 1876, such proceedings were had and done as that a judgment was rendered in said probate court against the defendants therein, which was and still is enforcible against the goods and chattels of the defendant Freeman and the joint property of Freeman & Barkley; that the alleged joint liability of these defendants, as well as the contract sued on, is merged therein, and that by reason thereof the plaintiffs are barred from maintaining this action.  The judgment roll of the case in the probate court is attached to and made a part of this answer, from which it appears that Albert and Charles Kleinschmidt, as partners, filed a complaint in said probate court against Freeman & Barkley, as partners, upon an account for goods, wares and merchandise sold by the former to the latter, upon which a summons was issued and duly

served upon the defendant Freeman, the defendant Barkley not being found in said county. Afterwards, a judgment in due form was rendered against Freeman, as upon a default, to which is added these words: "This judgment is to be enforced against the joint property of the defendants (Freeman & Barkley) and the separate property of the defendant Freeman."

The plaintiffs herein failing to reply, the defendant Barkley moved for judgment on the pleadings, which motion was overruled, and the court found, among other things, as matters of fact, that at the date of the institution of the action in the probate court of Deer Lodge county, and ever since, the defendant Barkley resided in the county of Jefferson in said territory; that the partnership between Freeman & Barkley was dissolved on the 28th day of April, 1873; that the firm of Freeman & Barkley, on that day, was indebted to the plaintiffs in the sum of $140.66, and that there was no testimony showing or tending to show that the same has ever been paid. Whereupon judgment was rendered against Barkley for that amount, from which he appeals to this court.

1. What effect had the judgment so rendered against Barkley in the probate court of Deer Lodge county upon the right of the plaintiffs to maintain an action against him upon the same account or contract in a proper district court of the territory?

The code of 1872, under and by virtue of which the judgment in the probate court of Deer Lodge county was rendered, provided in section 42 as follows: "When the action is against two or more defendants, and the summons is served on one or more, but not on all of them, the plaintiff may proceed as follows: First. If the action be against defendants jointly indebted upon a contract, he may proceed against the defendants served unless the court otherwise direct; and if he recover judgment, it may be entered against the defendants thus jointly indebted so far only as that it may be enforced

against the joint property of all, and the separate property of the defendants served. Second. If the action be against defendants severally liable, he may proceed against the defendants served in the same manner as if they were the only defendants."

This statute authorizes the rendition of a judgment against a defendant without giving him an opportunity to be heard. It says that he may be subjected to liability, and that his property may be taken on execution, before he has had his day in court. It authorizes a defendant, if sued on an alleged joint indebtedness, to confess judgment thereon, and thereupon this judgment may be enforced against what the plaintiff claims to be the joint property of the defendant so confessing and a co-defendant not served.

Has the plaintiff alone the right to be heard upon the question of the joint indebtedness of the defendants, or as to their joint property? Does the law authorize a judgment and execution upon a mere *ex parte* proceeding, where the defendant has not ever been given an opportunity to make a defense? Has not the defendant not served a right to be heard as to his joint liability to plaintiff, and as to his joint ownership of property with his co-defendant?

We agree with the supreme court of California, 39 Cal. 98, in the case of *Tay et al.* v. *Hawley*, wherein it expresses its opinion of this statute (ours being borrowed from that state), as follows: " The statute in terms authorizes the entry of judgment of the character of the one presented in this case, where suit is brought on a joint contract, and one or more, but not all, of the defendants are served with process." The section provides that, " if the action be against defendants jointly indebted upon a contract, he may proceed against the defendants served, unless the court otherwise direct;" that is to say, unless the court requires the other defendants to be served before proceeding to trial and judgment. If

he does proceed against the defendant served, the section provides that he shall take judgment against all of the defendants, to be enforced against the joint property of all the defendants and the separate property of those served. By the terms of the statute, the plaintiff proceeds only against the defendants served, and the judgment is entered against them, but not against those not served. The defendants not served are not bound by the judgment, nor are they personally liable for its satisfaction; but the statute provided that the property in which they are jointly interested with the other defendants may be taken in execution for the satisfaction of the judgment.

When cases involving this or similar provisions of the statutes of other states have been under consideration, it has been repeatedly held that the statute changed the common law rule, which is that, in an action upon a joint contract, the plaintiff must recover against all or none. *People* v. *Frisbie,* 18 Cal. 402; *Lewis* v. *Clarkson,* id. 399. The language of these cases clearly indicates that under the statutory rule the plaintiff may recover upon a joint contract against one, or any number less than all, of the joint debtors; that is to say, he may take judgment in the usual form against those served, and, in addition, the judgment may be entered against the joint property of all the debtors. But the judgment is against those only who were served with process.

The statute provides that the "joint property of all the defendants may be taken in execution for the satisfaction of the judgment, but none of the cases in this court define such joint property. We have not noticed in any of the cases in New York that the question has been distinctly passed upon, as to what property constitutes the joint property " mentioned in the statute; but it is assumed in several cases that it is partnership property which is meant by the term. *Mason* v. *Denison,* 15 Wend. 64; *Merwin* v. *Kambel,* 23 Wend. 293; *Sterne* v.

*Bentley,* 3 How. Pr. 331.  In *Mason* v. *Denison,* it is said that the term applies to the property which one defendant might apply to the satisfaction of the debt, without consulting his co-contractor.  Accepting the restriction in that case, and limiting the meaning of "joint property" to partnership property of the persons alleged to be joint debtors in conformity with section 25, p. 44, Revised Statutes, which says: "When two or more persons associated in the same business transact such business under a common name, whether it comprise the names of such persons or not, the associates may be sued by such common name, the summons in such case being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates in the same manner as if all had been named defendants and had been sued upon their joint liability."  Which law is in conformity with all the authorities, if, when the law says "shall bind joint property of associates," it be held to mean partnership property, which is the construction we put upon the section.  Either partner has the right to have the partnership property first used in payment of the debts of the partnership, and such property is, under the law, liable to and entitled to be taken in satisfaction of partnership debts.

And further, under the law, in order to bind such property, it is only necessary that service be had on one of the partners of a firm.  This is sufficient to bring the firm or company into court; and when once within the jurisdiction they are bound by the judgment of the court, so far as their partnership interests are involved.

This view of the law does not conflict with the principle that a person must have his day in court before his private property shall be bound by the action of the court, for, in law, business is a united business — a unity in fact.  Service on one binds the firm; and so judgment upon one binds all the partnership property, for the acts of one are the acts of all, in law.

The plaintiffs in this cause brought suit against two partners, Freeman & Barkley. They had service on Freeman. They recovered judgment against Freeman alone, subject to be made out of the separate property of Freeman and the joint property of Freeman & Barkley.

In view of what has been said above, their judgment should have been against Freeman & Barkley, partners, etc., and Freeman, to be collected from the firm assets and the private estate of Freeman. This judgment does not bind the private estate of defendant Barkley. He has not had his day in court, and without that he cannot be bound, nor his private estate held to be liable.

We next consider when the property liable is not suffi‚ cient to discharge the indebtedness, how shall the other partners be made liable for the debt.

Title X, ch. 1, sec. 420 *et seq.* of the Revised Statutes of 1871-2, and sections 446 *et seq.* of Laws of 1879, which are the same, provide: " When a judgment is recovered against one or more persons jointly indebted, those who were not originally served, and did not appear in the action, may be summoned to show cause why they should not be bound by the judgment. The summons shall describe the complaint, and it shall not be necessary to file a new complaint. The summons shall be accompanied by an affidavit that the judgment or some part thereof remains unsatisfied. Upon such summons the defendant may answer or deny; and if he denies his liability, a copy of the original complaint and judgment, the summons with the affidavit affixed, and the answer, shall constitute such written allegations."

It will be seen by the above, that the way is clear if the judgment were in the district court. But it is said the original judgment is in the probate court, and so it is.

By the second section of the organic act (amendment) probate courts are given jurisdiction in their several counties. The ninth section of the act provides that

their jurisdiction shall be as limited by law, and the statute limiting their powers confines them to their respective counties and to claims of $500 or less. The amount sued for was within the court's jurisdiction.

If this judgment had been obtained in the district court, no question would have arisen as to the proper manner of making the defendant not served a party to the judgment. It has already been stated.

The difficulty appears to be to do this on a judgment from the probate court. As the probate court was in the first instance unable to bring the defendant Barkley before it by summons, there is now no more power to bring him before it to make him a party to the judgment than before, because he is a non-resident of the county in which the suit was begun, the power of the court being limited to the county in which it is situate.

By section 690, Civil Code, Revised Statutes, provision is made for filing a certified transcript of a judgment recovered in the probate court with the clerk of the district court of the county where such judgment is recovered, in the same manner as judgments rendered in said district court.

By reference to the tenth subdivision of section 1, Probate Practice Act (chapter 1), it is seen that "the proceedings of probate courts shall be construed in the same manner and with like intendments as the proceedings of courts of general jurisdiction, and to its records, judgments and decisions there is accorded like force and effect and legal presumptions as to the records, orders, decrees and judgments of the district court."

There is thus attached to a judgment so filed, and to be accorded to it, like force and effect and legal presumptions as to the records, decrees and judgments of district courts.

When, therefore, the certified copy of a judgment from the probate court is so filed in the district court, there attaches to it the force, effect and legal presump-

tions of a judgment originally rendered in the district court.

The law looks not with favor upon a multiplicity of suits; and it follows that the same parties as partners could not be subjected to two different and independent suits and judgments for the same cause of action brought by the same plaintiffs.

The proper mode of procedure in this cause was to bring the judgment of the probate court into the district court, and afterwards by *scire facias* bring in defendants not served to show cause why they should not be made parties to the judgment.

At the time defendant moved for judgment on the pleadings, the record showed that no execution had been issued on the judgment of the probate court against Freeman. Plaintiffs having elected to take judgment in that court, they must put in operation the appliances of the law in aid of the judgment, or show good cause why this has not been done, before any other remedy could be resorted to for collection of the debt. This not having been done, defendant's motion for judgment should have been sustained.

For this and the preceding error this cause is reversed and remanded, with directions to the court below to enter judgment on the pleadings.

*Judgment reversed.*