## Jane Mair's Executor, Plff. in Err., *v.* Richard H. Beck, Jr., et al.

A judgment confessed after dissolution of a partnership by one of the former partners against both, held valid against him and his interest in the assets, but invalid against the other.

(Decided January 18, 1886.)

Error to the Common Pleas, No. 3, of Philadelphia County, to review a decision on a rule to strike off a judgment. Affirmed.

The facts of the case sufficiently appear in the opinion.

*Lewin J. Barringer* for plaintiff in error.

*Samuel Gormley* for defendant in error.

PER CURIAM:

Before the judgment in question was confessed, the copartner-

NOTE.—The power of the partner to act as the agent of the firm, and of his copartners, ceases with the dissolution of the partnership. McKelvy's Appeal, 72 Pa. 409; McCahan v. Smith, 9 Pa. Super. Ct. 318. So, no authority exists to confess a judgment, which will bind other than himself, though for a debt due by the partnership. McCleery v. Thompson, 130 Pa. 443, 18 Atl. 735; Bennett v. Marshall, 2 Miles (Pa.) 436; McKenna v. McSherry, 4 Pa. Dist. R. 676, 1 Lack. Legal News, 230. In Thomas v. Ashbrooke, 1 W. N. C. 3, an execution on a judgment so confessed for partnership indebtedness was allowed to stand as to the firm property.

ship of the defendants had been dissolved, and all the interest of Beck in the assets transferred to his late copartner. Thereafter the latter could not confess a judgment against Beck. The judgment, however, was good against the party confessing it. The property which he acquired from his late copartner had ceased to be partnership property, yet it was, nevertheless, liable to sale on execution against him as fully as if the execution had gone against both of them. There was no error in striking off the judgment as against Beck, nor is there any error covered by the other assignments.

Judgment affirmed.