ATCHISON SAVINGS BANK *v.* TEMPLAR and others.

TEMPLAR and another *v.* ATCHISON SAVINGS BANK and others.

*(Circuit Court, D. Kansas.* February 15, 1886.)

1. PARTNERSHIP—DISSOLUTION—APPEARANCE IN SUIT.
    The entering of an appearance in a suit by a partner, after a dissolution of the firm and an assignment for the benefit of creditors, will not bind the other partners.[1]

2. SAME—JUDGMENT OBTAINED ON SUCH APPEARANCE.
    Where a judgment lien on real estate has been obtained under such appearance, the lien may stand, but all proceedings to enforce the same should be stayed until the non-appearing partner can plead to the merits and make any proper defense he may have to the original action.

*L. C. Slavens* and *James Humphrey,* for T. J. Templar and B. F. Johnston.

*Cook & Gossett* and *W. W. Guthrie,* for Atchison Savings Bank and others.

FOSTER, J. The main question submitted for decision is presented in both these cases together. The first is a creditor's bill by the Atchison Savings Bank against Templar, Johnston, and others, alleging that the bank obtained a judgment in this court on a cross-bill, in the suit of *Jarboe* v. *Templar,* against said defendants, in June, 1881, for $10,525.44, and which is still unpaid, and seeking to subject certain real estate to the payment thereof. In this case Templar and Johnston plead that said judgment is void for want of jurisdiction of the defendants; that no service of summons was made, nor did defendants, or either of them, enter appearance in said proceedings. The other suit is an original bill of Templar and Johnston against Jarboe, the Atchison Savings Bank, and others, seeking by direct proceedings to vacate said judgment for the same reasons before stated.

Said Templar and Johnston were partners under the name and firm of T. J. Templar & Co., engaged in building an elevator, and in the grain business, in Atchison. Said firm became largely indebted to different parties, and D. M. Jarboe & Co. and others took legal proceedings to collect their debts, and enforce their liens on the elevator property. Messrs. Mills & Wells, attorneys of this court, entered a voluntary appearance for Templar & Co. to the original writ of Jarboe & Co., and also to the cross-bill of the savings bank. This appearance was entered for the firm at the instance and by the authority of B. F. Johnston, one of the partners. Those proceedings resulted in various judgments against Templar & Co., and among them the judgment of said savings bank.

So far as Johnston is concerned, his plea has no foundation to

[1] See note at end of case.

stand on. He authorized Mills & Wells to enter the appearance, and he is as absolutely bound by the proceedings as if he had been served with summons.

The question whether Templar is personally bound by that appearance is more difficult to determine. The *status* of the partnership at that time—whether dissolved or still in existence—has an important bearing in the case. This partnership agreement was not in writing, and its exact terms and limitations are left quite indefinite by the testimony. It appears to have been made some time in 1879, to construct and operate a grain elevator at Atchison. It seems to have been a partnership at will, and one which either party could terminate at will. Pars. Partn. 402–405. About the thirtieth of May, 1880, T. J. Templar failed in business at Kansas City, and made an assignment of his interest in this concern to Armour Bros., and about the same time Johnston, in view of said failure, transferred the elevator property to R. A. Park, cashier of said savings bank, to whom said firm was largely indebted. It seems this failure and assignment, and transfer of the property, pretty effectually terminated the object for which the partnership was formed. An assignment by one partner to a third person works a dissolution of the firm. Pars. Partn. 400, and cases cited. So in some cases insolvency or bankruptcy of one partner or of the firm works a similar result. Pars. Partn. 469. Both the partners testify that the failure ended the partnership, and, as a matter of fact and legal result, such, in my opinion, was its effect. A partner cannot substitute his assignee or grantee as a partner in his stead.

The entering of the first appearance by Mills & Wells, by authority of Johnston, was about three months subsequent to the failure and transfer, and the appearance to the cross-bill of the bank was some months later, and after all expectations of prosecuting the business for which the firm was created had passed and gone. It appears from the evidence that Templar gave no consent to these appearances in said suits, and he swears he knew nothing of it, or of said judgment, until several years afterwards. I think, so far as he is concerned, the case comes fairly within the rule established by the supreme court in *Hall* v. *Lanning*, 91 U. S. 160, and he is not bound by the appearance. Indeed, the court in that case question the right of one partner to enter an appearance for his copartner, without special authority, even during continuance of the firm. The case of *Phelps* v. *Brewer*, 9 Cush. 390, is to the same effect; but a rule established by the supreme court is sufficient, and I do not care to discuss the decisions *pro* and *con* on this question to which my attention has been called by counsel.

Now, under the circumstances, what order should, in equity and good conscience, be made? The judgment in controversy is not of a foreign jurisdiction, but is a judgment of this court. The appearance of the party was entered by an officer of this court under the author-

ity of one of the partners.   I assume all parties acted in good faith. Relying on this appearance, the bank made no effort to make service of summons, although Templar was frequently within the jurisdiction of the court.   On this judgment the bank has made a levy, and obtained a contingent lien on real estate, and seeks to subject it to the judgment.   The defendant has not set out his defense, and on a hearing his defense may entirely fail.   There are precedents to justify the court in refusing to extinguish this lien, but to order a suspension of proceedings on the judgment until the defendant Templar can plead to the merits, and prove any just defense he may have to the original action.   Such proceedings are recognized in *Hall* v. *Lanning, supra*, p. 167; also *Denton* v. *Noyes*, 6 Johns. 296; *Grazebrook* v. *McCreedie*, 9 Wend. 437; and such will be the order in these cases.

NOTE.

After dissolution one partner cannot appear for his copartner in a suit brought against the partners, though upon a firm indebtedness.   Loomis v. Pearson, Harp. (S. C.) 470; Haslet v. Street, 2 McCord, 311.   Neither can he acknowledge service of process so as to bind his copartners.   Duncan v. Tombeckbee Bank, 4 Port. (Ala.) 184; Demott v. Swaim, 5 Stew. & P. 293.   Even before dissolution, one partner cannot confess judgment, or submit to arbitration, so as to bind his copartners.   Stead v. Salt, 3 Bing. 101; Adams v. Bankart, 1 Cromp., M. & R. 681; Karthaus v. Ferrer, 1 Pet. 222; Story, Partn. ? 114; Pars. Partn. 179, note; Colly, Partn. ?? 469, 470; Freem. Judgm. ? 232; 1 Amer. Lead. Cas. (5th Ed.) 556.

It was said by the supreme court of Pennsylvania recently that a confession of judgment by a former partner against a firm, while good as against the partner confessing it, will not bind property assigned by the firm to a remaining partner under terms of agreement to pay firm debts.   Mair v. Beck, 2 Atl. Rep. 218.