LivingstoN, J.
The grounds of the application are, 1. That the bond and warrant, on which the judgment waa confessed, were executed by Thomas Beals for himself, and in behalf of his partner, William Beals, from whom he had no authority for that purpose.
2. That j udgment was entered in violation of an agreement, or understanding of the parties, at the time of giving the bond.
S. That the execution has issued for too much.
Our power of granting relief against warrants of attorney unduly obtained, or improperly executed, even after judgments are entered, is not denied, so that nothing remains but to examine whether sufficient reasons have been assigned for a summary interference in the present case.
It is settled in England, (7 D. & E. 207,) notwithstanding an opinion of Lord Mansfield, at nisi prim, to the contrary, that one partner, in consequence of the general authority derived from the articles of copartnership, cannot execute deeds for the other.(a) Were it otherwise, they would be enabled to dispose of the real property of each other, and to create liens on it without end. This would render such connexions more dangerous than they already are, if not discourage them altogether. There can be no doubt therefore, that on a plea of non est factum, a verdict must have been found for the defendants, and that it would be our duty to relieve William Beals, were this a motion at his instance, or on his behalf. But, as a judgment has been entered on this warrant, and for a fair and just debt, and the complaint proceed from the very person who executed the bond for his partner, we are not disposed, although *we assent to the decision cited from X). & E. to listen to it.
This is at any rate the bond of Thomas Beals ; and although joint in terms, yet being void as it respects William, a separate suit might be brought against the former. If so, we see no reason for affording him relief against this judgment merely because the other partner’s name be subscribed to it without any authority. It is permitting him to allege his own turpitude to get rid of that part of the contract which is his own, and ought to be binding on him. Even if the other partner were before us, we should not think it necessary to vacate the judgment, but on the authority of the case in 2 Bl. Rep. 1133, only direct execution not to be served on the person or property of William Beals, and that only Thomas Beals’ interest in the joint property should be disposed of. But such interposition must not be spontaneous. William Beals himself must apply for it. Perhaps he is satisfied with what his partner has done.
With regard to the second objection, it is enough to say that the fact is not made out with sufficient certainty to justify our setting aside the proceedings on that ground. Still less does it appear that more is directed to be raised by this execution than is due; and were that the case it would be no reason to set aside the judgment. If the plaintiffs neglected to give the proper credit in the first instance, they have since corrected the mistake; but there being reason to believe the execution issued for too much, there being no endorsement on it, and it not appearing when the sheriff was directed by letter to levy only what *256 was due, the defendants, although their motion be denied, are entitled to, and must hare, the costs of this application.
Kent, Oh. J., Thompson, and SpenceR, Justices, absent.
Motion denied.

 Unless the other he present, and concur, (Ball v. Dunsterville, 4 D. & E. 313,) or the partner executing have an authority for that purpose, either under seal, (Williams v. Walmsley, 4 Esp. Rep. 220,) or given by parol at the time of tho execution of the instrument, after it has been seen and approved of by the other. Mackay v. Bloodgood, 9 Johns. Rep. 285 But as over the partnership effects each partner has by law an implied authority to bind the other, a fair disposition under seal is obligatory on all; and on the same principle a sailed release by one is operative against the whole, (Pierson v. Hooker, 3 Johns. Rep. 68,) and may, therefore, it would seem, be pleaded as the release of the firm. See Manhattan Company v. Ledyard, 1 Caines’ Rep. 192, n. (a) A receipt given for a partnership debt by one partner by way of set-off and in discharge of a private debt is, if there be not any collusion or fraud, a bar to an action by the firm; causa qua supra, Benderson v. Wild, 2 Camp. 661.