## Case No. 14,472.

### UNITED STATES v. ASTLEY et al.

[3 Wash. C. C. 508.] [1]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1819.

PARTNERSHIP — CUSTOMS BOND — EXECUTION BY ONE PARTNER—AGREEMENT—ASSIGNMENT—PARTNERSHIP ASSETS.

1. B. & I. partners, being indebted to the United States for duties. B. executed a bond for the debt, in his separate name. B. & I. afterwards made a voluntary assignment of their property to the defendants, for the use of their creditors; and B. assigned his estate. for the use of his separate creditors. Before the bond was given, B. & I. authorized, in writing, each to execute custom-house bonds for duties.—each one of the partners agreeing to be bound for the payment of the bonds, as if executed by both. This action was instituted. (indebitatus assumpsit.) against the assignees of B. & I., to recover from them the amount of the bond given by B. to the United States, out of the partnership effects of B. & I.

2. The bond is not evidence of a debt due by B. & I., because not signed by them; nor of a debt due by I., because not signed by him.

3. One partner cannot, by deed, bind his co-partner; unless executed in his presence, and by his consent.

[Cited in brief in Johns v. Battin. 30 Pa. St. 86; McDonald v. Eggleston. 26 Vt. 157.]

4. Although B. & I. were bound, on the importation of the goods, for the duties on the goods, yet the bond of B. is not admissible in evidence, to prove the amount of those duties: because the bond, although given by one partner, extinguished the debt for which it was given, and made it the separate debt of B.

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

[Error to the district court of the United States for the Eastern district of Pennsylvania.]

This was an action of indebitatus assumpsit, for money had and received by the defendants [Astley and Brooks], to the use of the United States, brought in the district court. Upon the general issue. the plaintiffs offered in evidence, that Samuel F. Bradford, and John Inskeep, were indebted to the plaintiffs, in the sum of 6,828 dollars, being the amount of four several bonds, for duties on the importation of goods into the United States; which bonds had been put in suit against the said Bradford, and Moses Thomas, his surety, on which judgments were regularly obtained, but on which no executions had issued; and proposed further to prove, that the said Samuel F. Bradford & John Inskeep, trading under the firm of Bradford & Inskeep, not having sufficient property to pay all their debts, on the 7th of January, 1815, made a voluntary assignment of all their estate and effects to the defendants, in trust for their creditors; and that the said S. F. Bradford and his wife, on the same day and year, made another assignment of all his separate estate and effects to the defendants, in trust, for the benefit of his separate and individual creditors; and that the defendants, as assignees, had sufficient assets of the estate and effects of Bradford & Inskeep, to satisfy the debt due to the United States on said bonds; and that, prior to instituting the said action, due notice thereof was given to the defendants, who refused to pay the said debt: and the plaintiffs offered in evidence, the said four bonds, together with a certain power of attorney, bearing date the 7th of July, 1808, the said bonds having been executed by the said Bradford and Moses Thomas; and the said power of attorney having been executed by the said John Inskeep & Samuel F, Bradford. The admission of these bonds in evidence, being objected to by the defendants, the court decided that they were not competent evidence, and overruled and rejected them; and the jury, under the direction of the judge, found a verdict for the defendants—to which decision and direction, the plaintiffs filed a bill of exceptions, stating all the above matter. Judgment upon the above verdict, having been entered for the defendants, the case was brought by the plaintiffs into this court, by writ of error. The power of attorney referred to in the above bill of exceptions, bears date prior to the four bonds, and is executed by Samuel F. Bradford & John Inskeep, and is in the following words: "Know all men, &c. that we the subscribers, &c. trading under the firm of Bradford & Inskeep, mutually authorize and empower each other, from time to time, in our several and respective names, to sign, seal, and deliver bonds at the custom-house; hereby agreeing, jointly and severally, to be bound for the payment of all such bonds, with like remedies and effects, as if we had severally signed, sealed, and delivered the same." The bonds, for the amount of which this suit was brought, are executed by Samuel F. Bradford, in his own name only, and by Moses Thomas.

WASHINGTON, Circuit Justice. The case upon which this action is founded, is stated in the bill of exceptions, and is as follows: Bradford & Inskeep, being indebted to the United States in a certain sum for duties, four several bonds, for the amount of the same, were executed by Samuel Bradford, one of the partners, in his individual and separate capacity, and by Moses Thomas, his surety; and being unable to pay all their debts, Bradford & Inskeep made an assignment of all their estate and effects to the defendants, for the benefit of their creditors; from which estate, the defendants received a sufficiency to satisfy the said bonds; but refused, upon demand made by the plaintiffs, to pay the same; and the only question for the consideration of this court is, whether the court below ought to have admitted these bonds to be given in evidence, to prove a debt due by Bradford & Inskeep, or by Samuel F. Bradford, to the United States? The objection made to the admission of this evidence is, that they are incompetent to prove a debt due by Bradford & Inskeep, because they were not executed by them; and consequently. the defendants cannot be charged as receivers of money belonging to that firm, to the use of the United States. If, in point of law, the premises be correct, the conclusion unquestionably is so. The question then is, whether these were the bonds of Bradford & Inskeep? The affirmative is contended for, by the counsel for the United States, upon the following grounds: 1st. That one partner has a general authority to bind his co-partner by deed; and if not so, then, 2d. Samuel F. Bradford was authorized to bind his co-partner, by virtue of the power of attorney mentioned in the bill of exceptions.

The first ground cannot for a moment be maintained; and even the counsel, who stated it, did not appear to have much confidence in it. There is not, it is confidently believed, a solitary case to be found, which supports the doctrine, that one partner can, by deed, impose a charge upon his co-partner; and the authorities to the contrary are numerous and positive: Harrison v. Jackson, 7 Term R. 207; Green v. Beals, 2 Caines, 254; 4 Bac. Abr. 608, tit. "Merchant." It is true, that one partner may release a partnership debt. so as to bind his co-partner; but this proceeds upon a general and well established principle of law, that a release by one joint creditor bars the other;—the release is a satisfaction in law, and is equivalent to a satisfaction in deed. Ruddock's Case, 6 Coke, 25, 2 Rolle, Abr. 411.

2. That one partner may, by a power of attorney, authorize the other to execute a deed in his name, or in the name of the co-partnership, is not to be doubted. Indeed,

without such a power, one partner may bind the co-partnership by a deed executed in his own name, and in that of his partner, if it be done in his presence, or by his authority. Ball v. Dunsterville, 4 Term R. 313, cited in 3 Ves. 578.

In this case, it must be admitted, that Bradford was fully authorized, by the power of attorney, to bind his partner, by placing his signature and seal to the bonds in question; and if he had done so, the case would have admitted of no doubt. But he has not thought proper to execute the bonds, either in the name of the co-partnership, or in the separate names of his partner and himself; and the bonds are therefore the separate bonds of Samuel F. Bradford; as much so as if the power to bind his partner had not been given. It was insisted, indeed, though somewhat indirectly, that the power of attorney contained an agreement, by each partner, to be bound by any bond which the other might execute in his own name. This is by no means the fair construction of the instrument. It authorizes each partner to execute custom-house bonds, not in his own name, which would have been useless and absurd, but in their several and respective names; that is, in the names of Samuel F. Bradford and John Inskeep, and not in the name of either. The agreement to be bound by bonds so executed, was certainly an unnecessary stipulation; but, nevertheless, the insertion of it cannot control the plain construction of the words which grant the authority. Neither are we prepared to admit, that an agreement between Bradford and Inskeep, that each would be bound to pay bonds executed by the other, alone, would make such bonds the deeds of the party who did not execute the bonds. This, however, is a point not necessary to be decided in this case.

But it is contended, that, notwithstanding these bonds, Bradford and Inskeep were bound, as importers of the goods upon which the duties arose, to pay the same to the United States; and that the bonds ought to have been suffered to go to the jury, as evidence of the amount of the debt for which they were so liable. To this argument, there is this conclusive answer,—that the bonds, being given by one partner for a partnership debt, extinguished the simple contract debt, due by the co-partners, as importers, and made it the debt of Bradford alone, who executed them. We entirely concur in the opinion of the supreme court of New-York, in the case of Tom v. Goodrich, 2 Johns. 213. The reason upon which the doctrine is founded, is obvious. The bond is clearly obligatory upon the partner who executed it; and is therefore an extinguishment of the simple contract debt as to him. A joint action, therefore, to recover on the original debt, could not be supported against both partners. Neither could an action be maintained against the partner who did not execute the bond, because he has a right to insist that his partner should be joined with him in the action; of which right the creditor and the other partner cannot, without his consent, deprive him. It is precisely like the case of a release, which, if given to one joint debtor, discharges both. A bond, given for a simple contract debt, operates as a release of that debt, and creates another of a superior dignity, which can be enforced only against the person who executed the bond. The case of U. S. v. Lyman [Case No. 15,647,] does not contradict this doctrine, even as applied to custom-house bonds; and we subscribe entirely to the decision made in that case. There, the bond for the duties was given by a purchaser from the importer, after the importation was complete, and had fixed the importer with the debt. The bond, therefore, was given by a stranger to the original contract; and it is a clear principle of law, that a simple contract debt is not extinguished by a higher security, afterwards given by a third person; unless where it is done in pursuance of an agreement made at the time when the original debt was created.

It is true, that the learned judge intimates an opinion, that a bond given by the importer himself, would not extinguish the original debt; but he gives no positive opinion upon the point; and, noticing the case of Tom v. Goodrich, he observes merely, that the doctrine it establishes may admit of some doubt; but that in that case, it was unnecessary to consider it, as the case he had to decide was not that of a partnership. And he concludes, by considering the bond given by Lovejoy, only as the security of a third person, for the proper debt of the importer, which would not, per se, extinguish it; and most unquestionably it was no more than a collateral security.

Again, it is contended on the part of the United States, that, although this bond might not be proper evidence of a debt due by Bradford & Inskeep to the United States, it clearly constituted a debt of Samuel F. Bradford; out of whose separate estate, in the hands of the defendants, his trustees, the United States were entitled to be paid the amount of these bonds, in preference of Bradford's other creditors. To this argument there are two objections. The first is, that the bonds, as the bonds of Bradford alone, were merged in the judgment, stated in the bill of exceptions to have been obtained against him; and therefore, they had no legal existence for any purpose whatever. And secondly, the evidence so offered, did not correspond with the case stated by the plaintiffs as constituting the foundation of their action; the former being the evidence of a debt due by Bradford alone; and the latter, that of a claim of a partnership debt due by Bradford & Inskeep; and the defendants being sued as receivers of the joint funds of the co-partners, debtors of the United States, it was necessary for the United States to prove, not only that they were such receivers, but also, that the debt

chargeable upon those funds, in the hands of the defendants, was due from the co-partners.

Upon the whole, we are of opinion, that the judgment of the district court ought to be affirmed.