*Daviess & Hurlan* for plaintiff.

---

CASE.

## Burns & McConnoughy *vs* Parish.

ERROR TO THE NICHOLAS CIRCUIT.

*Case 4.*                    *Surety.    Partners and Partnership.*

*September 9.*      JUDGE MARSHALL delivered the opinion of the Court.

The case stated.

THIS action of assumpsit was brought by Parish against Burns & McConnoughy, for money averred to have been paid for their use and at their request, under the following circumstances: Burns & McConnoughy being partners in a mill and farm, a note was executed by McCon-

noughy individually, with Parish as his surety, for the hire of a negro man, for the year 1838, for the use of the firm of Burns & McConnoughy; the said negro man having been, at the date of the note, in the joint service and employment of the firm, and having so remained throughout the year, and the hiring having been with the concurrence of Burns, and so far as appears, without any obligation on the part of McConnoughy to furnish a laborer for the firm. On the note executed by McConnoughy and Parish, a judgment was obtained against both, which was afterwards replevied by Parish as sole principal, with a security of his own, McConnoughy being no party to the replevy bond. Parish subsequently paid about $75, more than half of the debt, and the creditor gave him indulgence on the replevy bond for the residue. Whereupon he brought this action and obtained a judgment against Burns & McConnoughy, for an amount including, as well that part of the replevy bond which remained unpaid, as the $75 which he had actually paid.

The first question arising on these facts is, whether the action could be maintained against both the defendants? And as the note was given by one of the partners for the hire of a negro, who was hired for the benefit of the firm, with the knowledge and consent of both partners, and the entire consideration of the note went to the benefit of the firm, and was so intended by both of its members, we think it entirely clear, that although Burns was not bound by the note, and the payment may, in the first instance, have inured to the benefit of McConnoughy alone, it inured ultimately and actually, to the benefit of the firm, and that being made by Parish as the security of one of the partners, and therefore, at his implied request, it was made virtually at the request of both partners, for whose benefit it operated, and was sufficient to raise an assumpsit on their part, to reimburse the payment. Were it even conceded, that in consequence of the separate note of McConnoughy having been taken for the hire, the legal liability of Burns for that debt was merged. Still we are not prepared to admit that if Parish knew all these facts at the time of becoming McConnoughy's security, he might not, on making payment, sue both part-

One who becomes surety for the hire of a slave hired for the benefit of a firm, may maintain assumpsit against the firm, though the money may not have been paid on a judgment obtained on a note given by one member of such firm, where the surety has replevied the debt.

ners jointly, on the ground that in truth and substance, he had paid, at the request of one, for that which, with the concurrence of both, had been acquired and used for their joint benefit. In the absence of any proof of such knowledge, we have no doubt of his right to maintain the action against both as jointly liable.

*A surety who has replevied a judgment against him may maintain assumpsit against his principal for the amount of the debt so replevied though not actually paid.*

A second question arising on the facts is, whether the plaintiff was entitled to recover for more than he had paid in money. It has been heretofore decided, that when a security, against whom a separate judgment has been obtained, replevies and thus extinguishes the judgment, he may proceed against his principal as if he had actually paid money. And as by the creditor's acceptance of the separate replevy bond of the surety in this case, that bond operated as a merger and satisfaction of the joint judgment, the case is brought within the same principle, and the surety was entitled to recover the entire amount of the replevy bond.

Wherefore, as the opinion of the Circuit Court in giving and refusing instructions, were accordant with the principles herein asserted, the judgment is affirmed.

*J. Trimble* for plaintiffs.