By the Court; Bronson, J.
The warrant of attorney is void so far as relates to the wife, and must be set aside. The judgment against her falls as a matter of course. The only question is, whether the judgment can be allowed to stand as against the husband. I .think it can. In Green v. Beals, (2 Caines 254,) one partner had, without authority from his co-partner, executed a warrant of attorney for both; and the judgment was allowed to stand as to the defendant who executed the power. In Bennett v. Davis, (3 Cowen, 68, and 6 id. 393,) the judgment was set aside as to one of two defendants, on the ground that the warrant of attorney had been revoked by his death before the judgment was entered. In Motteux v. St. Aubin, (2 W. Black. 1113,) the name of an infant defendant was stricken from the warrant of attorney, and the judgment allowed to stand as to the other defendant. In Gerard v. Basse, (1 Dall. 119,) the same thing was done as to one defendant whose *243 name had been put to the warrant of attorney by the other defendant, without authority. The name of Mrs. Wilder must be struck out of the warrant of attorney, and as to her the judgment and execution are set aside. But on paying the costs of the motion, the plaintiff may amend the. judgment record and the execution nunc pro tunc, so as to make the proceedings regular against James M. Wilder alone.
Ordered accordingly.