Woodruff, J.
On the first day of June, 1852, William B. Barber, one of the copartners in the defendants’ firm, executed to the plaintiffs his bond, under seal, in the penal sum of $12,000, conditioned for the payment of $3,000, in part in money, and in part according to the tenor of certain five notes therein mentioned, with a provision that, until such notes were paid, the whole debt for which the judgment therein mentioned was recovered—(that being the same debt for which this action is brought against the defendants as copartners)—should be and remain due and in full force; and in the said bond the said William B. Barber, under the same seal, acknowledges himself indebted to the plaintiff in the sum of $7,794.30. The cash payment was made, and all the notes which were payable before this action was commenced were duly paid.
It cannot be denied, I think, that, if the said Barber made' default in the payment of any of the notes, an action would lie against him upon this bond: that, according to the common law rule, and under our statute, the plaintiffs might, in such an action, take judgment on this bond for the amount of the penalty, and would be entitled to collect on execution the whole $7,794.30, or any balance due thereon.
This bond was therefore a specialty. It was executed and delivered to the plaintiff by one of three partners for the debt of the firm.
Although under the decision of the Court of Appeals, (18 N. Y. R., 468,) the recovery of the judgment in Missouri against Barber did not, by reason of the peculiar laws of that State, *578 merge and extinguish the copartnership debt, it is nevertheless insisted .that the acceptance of the bond of Barber for the debt of the firm did so.
In Clement v. Brush, (3 John. Cas., 180,) it was distinctly held where one of two partners executed his bond for the debt of the firm, it extinguished the simple contract or partnership debt. That case was strikingly like the present in two of its prominent features. It was entirely obvious on the face of that transaction, that the creditor never intended to part with the liability of either partner. The bond was executed in the name of the firm. But the Court having first held that one partner could not bind the other by seal, and next, that the bond was a valid obligation binding the partner by whom it was signed, declared that it operated to extinguish the copartnership debt. And, again, the transaction was in another State, (Pennsylvania,) and the Court held, in the absence of evidence that by the laws of that State the bond would not have the effect stated, the rule was imperative, and the copartner discharged.
So in Tom v. Goodrich, (2 John., 213,) where a firm was liable to the United States for duties, it was held that the claim of the United States against the firm was extinguished by the giving and acceptance of the bond of one of the Copartners therefor. And the same doctrine is again distinctly recognized and approved in Waldron et al. v. Sherburne et al., (15 John., 409,) and see, also, McBride v. Hogan, (1 Wend., 335,) United States v. Astley, (3 Wash. C. C., 508,) Collyer on Partnership, (§ 481, note.)
The same doctrine is expressly recognized and affirmed in the State of Missouri, where this bond was given and received. In Settle v. Davidson, (7 Mo. R., 604,) it was held that a bond given by one of several copartners, for a debt of the firm due by simple contract, is an extinguishment of such simple contract debt, which thereby becomes the sole debt of him who executed the bond.
This deliberate judgment of the Missouri Courts, while the statute of Missouri in regard to joint and several liabilities was identical with that upon which the plaintiff relies, may properly be regarded as an authoritative exposition of the effect of their statute, and to be decisive that, notwithstanding the statute, the *579 acceptance of the separate bond of one of two copartners for the debt of the firm extinguishes the debt and discharges the other partner—that the law in that respect is there, (notwithstanding the statute,) the same as it is in this State.
The question however remains, (if this Missouri decision be followed,) whether this bond was accepted for the copartnership debt? It may be true that one of two copartners may place in the hands of the creditor collateral securities, and even his own bond and mortgage, upon such conditions that they shall not destroy the simple contract debt. (7 Rich. So. Car. R., 114; 4 Watts, 518; 6 id., 165; 4 Dev., 460; Collyer on Partnership, 3d Am. ed., 435, note, § 481.)
But here the bond was taken in compromise of the debt, and the payment of the notes therein mentioned would, by the plain construction of the bond, have operated to discharge Barber. It appears by the opinion of Johnson, Ch. J., and by the dissenting opinion of Mr. Justice Harris, that the effect of this bond did not escape their attention; and if not, then, whatever our own opinions might be we should hardly be warranted in holding that the defendant Girty is discharged by the giving and acceptance of this bond, (although it does not appear that the decision of the Courts of Missouri was called to their notice,) unless the case is altered by the proofs given on the last trial. In the opinion of Chief Justice Johnson, in reference to this bond, he speaks of it as a conditional compromise not shown to have been carried out. On the last trial it was admitted that all the notes which are mentioned in the condition of this bond, which became due before this action was commenced, were duly paid
I cannot, however, see how that can affect the question of Girty’s liability—it entitles him to a credit of what has been paid, and it may show that the action cannot be maintained against Barber, but if neither the recovery of the judgment nor the acceptance of the bond discharged Girty, then he is not discharged by payments on the bond of part of the amount of the debt.
I think that the decision of the Court of Appeals requires us to affirm the judgment.
*580 Hoffman, J.
The decision of the Court of Appeals has settled the law of this, case tp be, that the. judgment obtained in Missouri against Barber, upon the joint debt, could not be set up as, a defense by the co-debtors, when sued; in this State. It did not merge, the original liability, because of the provision in the statute of Missouri, “ that all contracts which, by the common law, are joint only, shall be construed to be, joint and several.” (18 N. Y. R., 468.)
The next question in the case is, what is¡the effect of the compromise and arrangement effected, by the conditional bond— the payment of all the notes given under it as they matured — and the commencement of this action, before the next note in order of time had become due? The: original debt, as evidenced by the judgment, with interest to the date of the bond, was $7,794.30. The compromise, was for $500, paid in cash, and five notes for $500 each, payable in from one to five years.
The Chief Justice, in delivering the opinion in the Court of Appeals, adverts to this point in the following manner: “It,is difficult to see. how the mere formal satisfaction of the judgment against Barber, which appears by the cotemporaneous bond, referred:to, in the entry as the attorney’s authority to satisfy, tp, have, been founded on. no actual satisfaction or extinguishment, of the debt, but only upon a. conditional compromise not shown to have been carried out, can be available to these defendants.”
It is true, that by the proofs in the present action,, the compromise is shown to have been carried put according touts terms, by.performance, of all that was t.o be fulfilled before the commencement of this, action. Still it had, not, been executed, in full. It remained to some extent executory.
We apprehend, however, that the rule which the Court of Appeals intimates, if it does not prescribe, is, that the conditional compromise of. the judgment, and of the judgment merely against Barber, could not, as to the copartners, have any greater effect than the judgment itself. The judgment had- no operation to prevent a suit against the others upon the original demand. The conditional agreement affected and vacated the judgment; but by its very terms, the debt evidenced thereby was to remain in full force until all the notes given by Barber were fully paid; Barber acknowledging himself indebted in the *581 amount of the said judgment. Thus the debt was not absolutely extinguished, but expressly retained, and only to be extinguished even as to Barber, by the eventual payment.
The result is, that the judgment must be affirmed.
Judgment affirmed, with costs.