## WEEKS v. THE MASCOMA RAKE CO.

A mortgage, under seal, executed by one partner, does not bind the firm, but the partner executing it binds himself.

ASSUMPSIT, on a note made sixteen years before suit, and signed "Mascoma Rake Co., by D. Currier, Agt."   Plea, the general issue, with a brief statement of the statute of limitations.   Facts found by a referee.   The plaintiff introduced a personal mortgage, under seal from the defendants, signed in the same manner as the note, and given to secure it.   At the date of the note and mortgage the defendants were co-partners, under the name and style of The Mascoma

Rake Co. Currier, one of the partners, acted as general agent of the firm, but he had no authority, under seal or in writing.

*Shirley*, for the plaintiff.

*Murray*, for the defendants.

STANLEY, J. "Actions upon notes secured by mortgage may be brought, so long as the plaintiff is entitled to bring an action upon the mortgage." Gen. St., *c.* 205, *s.* 5. If Currier had been authorized to affix a seal and thereby bind his co-partners, the note would not have been barred as to any of the defendants; but partnerships do not have a common seal, and hence no one of the firm could affix a seal for his co-partners, or either of them, without their previous authority or subsequent ratification. 7 D. & E. 207; 4 *ib.* 313; 4 Esp. 220; 2 Caines 254; Parsons on Partnership 178, note.

But, though one partner cannot affix a seal and thus bind his co-partners, he binds himself by the seal. This rule is derived from that law of agency by which, if the agent acts without authority, the principal is not bound, but the agent is. *Elliot* v. *Davis*, 2 Bos. & Pul. 338; *White* v. *Skinner*, 13 Johns. 307; *Skinner* v. *Dayton*, 19 Johns. 513; *Harrison* v. *Jackson*, 7 T. R. 210; *Appleton* v. *Binks*, 5 East 148. Currier, then, when he executed the mortgage under seal, failed to bind his co-partners, but bound himself, and, as an action could be brought on the mortgage, the note in suit, as to him, was not barred by the statute.

*Case discharged.*

DOE, C. J., did not sit.