BARTHOLOMEW DONEGAN, PLAINTIFF, v. WILLIAM MORAN, DEFENDANT.

*One copartner indemnifying a sheriff attaching property in favor of the firm — contribution, from his copartner not signing the bond of indemnity, towards the amount paid thereunder.*

53h 21
70 AD ¹516

A sheriff, under an attachment in favor of a firm, seized property, which was claimed by another party, who ultimately established his right thereto, and the sureties upon the bond of indemnity given to the sheriff were obliged to pay the value of the attached property. The sureties afterwards sued one member of the firm who had signed the bond of indemnity to recover the amount thus paid.
*Held*, that the member of the firm so sued was entitled to contribution from his copartner, although such copartner did not sign the bond of indemnity.
That, by the seizure of the property, under the attachment issued in favor of the firm, a joint liability was incurred by such firm to the party whose property was thus unlawfully taken, and the copartners were jointly liable to the real owner thereof for the property so seized.
That the obtaining of the bond of indemnity, and the signing thereof by the partner who executed it, was within the scope of the authority of such partner and rendered the act that of the copartnership.
*Tom* v. *Goodrich* (2 Johns., 213); *United States* v. *Astley* (3 Wash., 508) distinguished.

MOTION by the plaintiff for a new trial, on the exceptions taken at a trial had June 4, 1888, at the New York Circuit before court and jury, and ordered to be heard in the first instance at the General Term.

*Edward E. Sprague*, for the plaintiff.

*Nelson Smith* and *Stewart Rapelye*, for the defendant.

DANIELS, J.:

The defendant and Robert C. Brown were engaged in business in the city of New York, as partners, in the year 1880, under the firm name of Moran & Brown. They commenced an action against

Alfred Edwards as defendant, in which an attachment was issued to the sheriff of the county of New York, directing him to attach and safely keep the property of Edwards, or so much as might be necessary to satisfy the plaintiff's demand of $212, with interest and costs. The sheriff seized property under the attachment which was claimed by the Russell & Hopper Manufacturing Company. To induce and protect the sheriff in continuing to hold the property under the attachment, a bond of indemnity was executed and delivered to him, in which Robert C. Brown, one of the partners, was the principal and A. D. Wyckoff and the plaintiff, Donegan, were the sureties. This bond was conditioned that the obligors should well and truly save and keep and bear harmless and indemnify the sheriff, and all persons aiding and assisting him in the premises of and from all harm, let, trouble, damage, liability, costs, counsel fees, expenses, suits, actions, judgments, etc., that should or might arise, come, accrue or happen to be brought against them, or any of them, for or by reason of levying, attaching and making sale, under or by virtue of the attachment, of any personal property they should judge to belong to the debtor. An action was brought by the Russell & Hopper Manufacturing Company against the sheriff to recover the property levied upon by virtue of the attachment. And in that action the company recovered judgment. After that the sheriff instituted a suit upon the bond and recovered a judgment against the obligors therein, and that judgment was paid by the plaintiff. And this action has been brought by him against Moran, the member of the firm who did not sign the bond, to recover the amount so paid. It was proposed to prove that Moran, the defendant in this action, gave instructions to the sheriff concerning the defense of the suit brought to recover the possession of the property seized under the attachment, and that he was a witness upon the trial of that action. But the court excluded this as well as nearly all the other evidence offered by the plaintiff, and dismissed the complaint. This course was deemed to be warranted by what had beeen decided in the cases of *Tom* v. *Goodrich* (2 Johns:, 213) and the *United States* v. *Astley* (3 Wash., 508). These are cases where bonds had been executed for the security of duties to the United States government, upon property imported into this country for the benefit of the firms, one of whose members only was a party to

the bond. And it was held that the other copartner was not liable to refund to the surety the amount paid by him in satisfaction of the obligation created by the bond. These decisions, however, proceeded upon the circumstance that the bond given to the custom-house authorities excluded all liability of the party proceeded against for the payment of the duties, and for that reason he could not be called upon to refund the amount paid out by the surety in the bond. This case in this respect is distinguished from those authorities. For, by the seizure of the property under the attachment issued in favor of the defendant and his copartner, a joint liability was incurred by them to the company whose property had been unlawfully seized in this manner. They were liable, both jointly and severally, as long as the property seized, in fact, belonged to the Russell & Hopper Manufacturing Company, to that company for the value of the property so seized. And they continued to be so liable, notwithstanding the fact of the bond being given to the sheriff for his protection and indemnity against liability and damages for having seized this property under the attachment. The execution and delivery of the bond, therefore, to the sheriff was an expected benefit secured to this defendant, for it induced the sheriff to withhold the property attached from the claimant for this firm, claiming to be entitled to it for the satisfaction of the debt mentioned in the attachment. Obtaining the bond and the plaintiff's signature to it for this purpose was within the scope and authority of Robert C. Brown, the other partner in the firm, and rendered the act that of the partnership. The commencement and prosecution of the action was within the limits of and appertained to the partnership business. And when the plaintiff, at the request of Brown, became a party to the bond, he did so for the benefit of this firm. Brown in making the request did not act solely for himself, but for himself and the defendant, who was his partner. And the bond was obtained to entitle them to have the sheriff hold and retain in his possession the disputed property which had been taken under the attachment; and as the plaintiff had become a surety in the bond for the benefit of the firm, and that fact appeared upon the face of the bond itself, and afterwards was obliged to pay, by virtue of its provisions, the amount of the judgment recovered by the sheriff, and in that manner relieved this firm to that extent from liability, its members became

liable to refund to him the amount of money which for this purpose he had paid. In *Weaver* v. *Tapscott* (9 Leigh [Va.], 424), the plaintiff had subscribed a sealed instrument with a member, and in the business of a firm as a surety, and he had been obliged, by virtue of the obligation, to pay the amount for which it was given. And he brought his action afterwards for his indemnity against the other partner, who was not a party to the instrument, and was held to be entitled to recover. In *Lowry* v. *Hardwick* (4 Humph. [Tenn.], 188), two members of a firm were sued and execution was stayed by the plaintiff as a surety. He was afterwards obliged to pay, and brought his action against a third member of the firm to recover what he had paid, and it was held that he was entitled to succeed in the action. In *Wharton* v. *Woodburn* (4 Dev. & Bat. [N. C.], 507), the court made a similar ruling; and so it did in the case of *Purviance* v. *Sutherland* (2 Ohio St., 478). There the note had been signed by one partner with the name of the firm and sealed. Sutherland was a surety in this note, and after payment he was held to be entitled to recover against another member of the firm. And a like ruling was made in *Burns* v. *Parish* (3 B. Monroe [Ky.], 8), and in *Hikes* v. *Crawford* (4 Bush. [Ky.], 19). In *Sandilands* v. *Marsh* (2 Barn. & Ald., 679) an instrument was signed by the surety which was executed by one of the firm but in its business. And the court held that the surety was entitled to call upon the other for indemnity and protection after he had been obliged to pay the obligation, to which he in this manner became a party. And in *Konitzky* v. *Meyer* (49. N. Y., 571) it was held, in general terms, by the court that where one person at the request of another became a surety for him the law would imply a promise of indemnity on the part of the person making the request. And this case was brought within the operation and effect of that principle, for the request of Brown to the plaintiff to become a party to the bond was, in legal effect, the request of the defendant also, the other member of the firm having acted in the business and for the benefit of the firm itself. These authorities clearly demonstrate the conclusion that the case was not one which could be disposed of by virtue of the rule followed in the two decisions first referred to. It is true that the authorities which have been here cited in support of the plaintiff's action were

cases proceeding or growing out of the existence of debts and claims voluntarily created for the parties ultimately held liable to satisfy by reimbursing the sureties. But no substantial difference can arise out of that circumstance rendering them inapplicable to this case. For here there was a joint liability created by the voluntary action of the firm in seizing the property of a third person under an attachment issued against their debtor. For that seizure both members of the firm became legally liable. And that liability was assumed and extinguished through the obligation to which the plaintiff had subjected himself by the execution of the bond of indemnity to the sheriff. The firm in this manner had the benefit of the payment. And as the plaintiff had been induced to place himself in this position of liability by the request of one of the members of the firm, acting for and to secure an advance to that firm, each member was liable to protect him against the consequences of the act performed in this manner by him. Certainly, while there was no direct proof of an individual request from the defendant to the plaintiff to sign the bond for the firm, there was evidence offered in the case from which even that fact could have been inferred and found by the jury, and it was error to reject the proof and in that manner exclude the case from their consideration.

The verdict should be set aside and a new trial ordered, with costs to the plaintiff to abide the result.