(70 App. Div. 511.)

CITY TRUST, SAFE DEPOSIT & SURETY CO. OF PHILADELPHIA v. AMERICAN BREWING CO.

(Supreme Court, Appellate Division, Fourth Department. March 11, 1902.)

1. PRINCIPAL AND SURETY — RIGHTS OF SURETY AFTER PAYMENT — ACTION AGAINST UNDISCLOSED PRINCIPAL.
    The surety in a liquor license bond, having paid the penalty for a breach of its conditions by the principal therein named, who was in fact an agent of an undisclosed principal, may recover from such undisclosed principal the amount so paid; the rule rejecting parol evidence to contradict a writing being inapplicable.

2. SAME—SUBROGATION TO RIGHTS OF STATE.
    The surety can maintain the action against the undisclosed principal on the theory of his subrogation to the right of the state to pursue such principal for a breach of the bond.

    McLennan and Hiscock, JJ., dissenting.

Action by the City Trust, Safe Deposit & Surety Company of Philadelphia against the American Brewing Company. There was a judgment dismissing the complaint on defendant's motion, to the granting of which motion plaintiff excepted. Motion for a new trial, based on order that exception be heard by the appellate division in the first instance. Exceptions sustained, and motion for new trial granted.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

Charles Van Voorhis, for plaintiff.

George F. Yeoman, for defendant.

DAVY, J. At the Monroe trial term, on the 27th day of November, 1901, and before any evidence was given, the defendant moved to dismiss the complaint on the ground that it did not state facts

sufficient to constitute a cause of action. The motion was granted, and the plaintiff excepted. The exception so taken was ordered to be heard by the appellate division in the first instance, and that judgment be suspended in the meantime.

The only question to be considered upon this motion is, does the complaint state a cause of action? The complaint alleges, in substance, that on or about the 11th day of November, 1897, a liquor tax certificate was duly issued to one John H. Kurtz, authorizing him to engage in the traffic of liquor at No. 153 Main street East, in the city of Rochester, N. Y.; that, in order to obtain said license, a bond was given to the people of the state of New York, in the penal sum of $1,000, which was signed by John M. Kurtz as principal, and the City Trust, Safe Deposit & Surety Company of Philadelphia, the plaintiff herein, as surety; that the conditions of this bond were that the said Kurtz would not suffer or permit any gambling upon the said licensed premises, that he would not permit or suffer said premises to become disorderly, and that he would not violate any of the provisions of the liquor tax law. It further alleges that on or about the 12th day of July, 1898, the commissioner of excise of the state of New York commenced an action against said Kurtz and this plaintiff to recover $1,000, the penal sum mentioned in said bond, on the ground that there had been a breach of its conditions by said Kurtz, in maintaining and suffering to be maintained upon said licensed premises a nickle-in-the-slot machine, which was a gambling device upon which the people did play for money by chance; that a judgment was obtained in that action against said Kurtz as principal, and the plaintiff as surety, and an appeal was taken from that judgment to the appellate division (62 N. Y. Supp. 1141) and to the court of appeals (59 N. E. 903), and the judgment was affirmed in both courts, which judgment was subsequently paid by said plaintiff as surety upon the bond. The complaint also alleges that the defendant was the undisclosed principal on said bond, and was the owner of the liquor tax certificate; that the business in said saloon was conducted for the benefit of the defendant, and that defendant owned the lease of the store, and furnished the stock of goods therein, including fixtures; that it paid all expenses of running said place; that said Kurtz was employed by the defendant as manager, and paid $12 a week for his services; and that he had no interest whatever in the said business.

The learned justice before whom the case was moved for trial held that the decision of the court in Farrar v. Lee, 10 App. Div. 130, 41 N. Y. Supp. 672, is decisive and controlling in the case at bar. It appears that that action was brought upon a bond against an undisclosed principal, and the court held that as the contract was in writing and under seal, and was not executed in the name of the undisclosed principal, and as it did not appear on the face of the instrument that the same was made in his behalf, no recovery could be had against him in an action founded upon the bond. This action is brought, not upon the bond, but against the defendant, an undisclosed principal, to recover the money which the plaintiff,

as surety, was compelled to pay for the defendant's benefit. Although the principal was concealed, the contract, however, was made by its agent, upon its authority, and for its benefit and advantage. It is a rule of law that an undisclosed principal, when subsequently discovered, may, at the election of the other party, if exercised within a reasonable time, be held liable upon all contracts made in his behalf by his duly authorized agent, although the credit was originally given to the agent under a misapprehension as to his true character. In this action the complaint alleges that, when the plaintiff executed the bond at the request of Kurtz, it was not aware of the fact that Kurtz was acting as agent for the defendant. The fact that Kurtz executed the bond as principal does not preclude the plaintiff from maintaining this action, upon parol proof that the contract in fact was the contract of the defendant, that the act of Kurtz was the act of the defendant, and that therefore the defendant was liable for the breach of the contract. In Briggs v. Partridge, 64 N. Y. 362, 21 Am. Rep. 617, in discussing the question under consideration, Judge Andrews said:

"The doctrine must now be deemed to be the settled law of this court (and which is supported by high authority elsewhere) that a principal may be charged upon a written parol executory contract, entered into by an agent in his own name, within his authority, although the name of the principal does not appear in the instrument, and was not disclosed, and the party dealing with the agent supposed that he was acting for himself; and this doctrine obtains as well in respect to contracts which are required to be in writing as to those where a writing is not essential to their validity."

Brady v. Nally, 151 N. Y. 262, 45 N. E. 547; Coleman v. Bank, 53 N. Y. 393; Meeker v. Claghorn, 44 N. Y. 349; Jessup v. Steurer. 75 N. Y. 613; Nicoll v. Burke, 78 N. Y. 580; Story, Ag. § 270.

In Coleman v. Bank, supra, it was held that the rule does not preclude a party who has entered into a written contract with an agent from maintaining an action against the principal upon parol proof that the contract was made in fact for the principal, although the agency was not disclosed by the contract, and was not known to such party at the time of making it. Briggs v. Partridge, supra; Pierson v. Bank, 77 N. Y. 310. The rule of evidence which makes a written contract conclusive proof of what the parties have agreed to, and which rejects parol proof to vary or contradict the writing or its legal import, applies only in controversies between the parties to the instrument. Folinsbee v. Sawyer, 157 N. Y. 196, 51 N. E. 994.

There is another well-settled principle of law applicable to this case; and that is, where a surety pays the debt of his principal, the surety has a right to be put in the place of the creditor, and to avail himself of every means the creditor had to enforce payment against the principal debtor. This principle of law comes under the rule of subrogation, which is not founded upon contract, but upon principles of equity and justice, and may be enforced where no contract or privity of any kind exists between the parties. In Arnold v. Green, 116 N. Y. 571, 23 N. E. 1, Judge Vann says:

"The remedy of subrogation is no longer limited to sureties and quasi sureties, but includes so wide a range of subjects that it has been called

the 'mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, ought to pay it.' "

Cole v. Malcolm, 66 N. Y. 363; Townsend v. Whitney, 75 N. Y. 425; Jessup v. Steurer, supra; Pease v. Egan, 131 N. Y. 262, 30 N. E. 102.

In Lewis v. Palmer, 28 N. Y. 271, the court held that a surety who pays a debt for his principal is entitled to be put in the place of the creditor, and to all the means which the creditor possessed to enforce payment against the principal debtor.

Assuming that, in the action upon the bond, the execution had been returned unsatisfied against both the plaintiff and Kurtz, can there be any question but that the excise commissioner, acting for the people, could have maintained an action in equity against the defendant, who was the undisclosed principal, to recover the amount of the judgment? I think not. The defendant had authorized Kurtz, its agent, to make the contract; and it was done for defendant's benefit, and with its consent and approval. The defendant received the emoluments of the business, which it could not have carried on without giving a bond. If the state excise commissioner could maintain such an action, then the plaintiff can maintain this action; for the reason that when plaintiff paid the judgment it became subrogated to all the rights of the state, and could avail itself of every means that the state had to enforce payment of the judgment. In the case of Kane v. State, 78 Ind. 103, where a party applied to the board of excise commissioners for a license to sell intoxicating liquors, and, in order to obtain this license, was required to give a bond to the state, with sureties, in the penal sum of $2,000, conditioned, among other things, that he would pay all judgments that might be recovered against him for any violation of the provisions of the act regulating the sale of liquors, the principal was four times convicted for violating the provisions of said act, and judgments were obtained against him, and, having failed to pay them, they were paid by the surety; and it was held that the surety was entitled to be subrogated to all the rights of the state, the judgment creditor. In re Boltz's Estate, 133 Pa. 77, 19 Atl. 303; In re Churchill, 39 Ch. Div. 174; Richeson v. Crawford, 94 Ill. 165; Dias v. Bouchaud, 10 Paige, 461. It will be seen from these cases that no distinction is made between an official bond given to the state, and an ordinary bond given to an individual. The surety in either case upon paying the debt of the principal has a right to be subrogated to all the rights of the creditor, and may invoke every remedy for its enforcement. Benham v. Emery, 46 Hun, 160, was a contract under seal, made by the husband in his own name, for a building on his wife's land. It appeared that the contractor was ignorant that the husband was acting as the agent of his wife, the undisclosed principal. The court said:

"The plaintiff may pass by the written agreement, and recover upon an implied promise for the work and labor done and material furnished, as the same was done for the benefit of the defendant, and with her consent and approbation. It is fair that she should pay the plaintiff for his work and labor and the material which he furnished to improve her own property, as the same was done with her consent, and she now enjoys the benefit and the advantages derived therefrom."

The court, in further discussing this question, said:

"As a test that the defendant is liable for the work and labor and materials furnished, suppose the defendant had authorized her husband, as her agent, to borrow in her name and on her account a sum of money, not authorizing him to execute any written promise in her name for the repayment of the loan, and in pursuance of such authority he had borrowed a sum of money of a third party, who was ignorant that he was acting as agent, and executed in his own name a promise, under seal, to repay the loan himself, and had delivered the money received over to his wife, his principal; can there be any doubt but that she would be liable in an action for the money had and received? The authorities are abundant that the lender could pass by the special agreement made by the agent, and sue for the money loaned and advanced, upon an implied promise to repay the money which she had received from the loaner by the hand of her agent."

Donegan v. Moran, 53 Hun, 21, 5 N. Y. Supp. 575; Higgins v. Dellinger, 22 Mo. 397.

It would be against public policy to permit the defendant to give a bond in the name of an irresponsible servant, to enable it to carry on the liquor business, and to violate the conditions of the bond, through its servant, in order that it might derive a pecuniary benefit therefrom, and then be screened from any liability on the ground that it did not sign the bond. Fair and honest dealings should be upheld, but courts of justice should not help parties to consummate fraud and deception.

Upon the facts as alleged in the complaint, we think the action can be maintained, and that the court erred in dismissing the complaint. Plaintiff's exceptions, therefore, should be sustained, and the motion for a new trial granted, with costs to the plaintiff to abide the event.

SPRING and WILLIAMS, JJ., concur.

McLENNAN, J. (dissenting). It seems to me that the law of principal and agent has no application to this case. The conditions of the bond related solely to the personal acts and conduct of Kurtz. By its terms, he was not liable for the acts of any one else, unless permitted or authorized by him upon the premises covered by the liquor tax certificate. Neither was any one else liable for his acts. It was purely a personal obligation on the part of Kurtz. Whether the bond should be violated or not, and thus the surety become liable, was wholly with Kurtz, and for him to determine. The act of the brewing company or of any one else could not create an obligation under the bond. It seems to me that it might as well be said that if an agent gave a bond to keep the peace, and violated it while acting as agent, the principal would be liable on such peace bond, or for the amount the surety had to pay. It seems to me clear that upon principle, as well as upon authority, the case was rightly disposed of by the court below. I therefore think the motion for a new trial should be denied, and judgment ordered for the defendant.

HISCOCK, J., concurs.