THE CITY TRUST, SAFE DEPOSIT AND SURETY COMPANY OF PHILA-
DELPHIA, Respondent, v. THE AMERICAN BREWING COMPANY,
Appellant.

*Liquor tax bond, forfeited because gambling was allowed on the premises — for what
costs and expenses of the suit to enforce the bond the undisclosed principal of the
certificate holder is liable to the surety — assessment of damages — a motion to
vacate it need not necessarily be based on a case and exceptions.*

The State Excise Commissioner brought an action against the holder of a liquor
tax certificate and the surety upon his bond to recover the penalty of the bond
on the ground that gambling had been permitted upon the premises referred
to in the certificate. The action resulted in a verdict against both of the
defendants for the penalty of the bond.

It appeared upon the trial that the holder of the liquor tax certificate was simply
the agent of a brewing company, and that the latter company had directed
attorneys to appear for such agent and defend the action.

The surety company, upon learning this fact, requested the brewing company
to assume the defense of the action, which request was refused. The surety
company then took an appeal from the judgment to the Appellate Division,
and from its judgment of affirmance to the Court of Appeals, but was unsuc-
cessful in both courts.

The surety company paid the amount of the several judgments and then brought
an action against the brewing company to obtain reimbursement.

*Held,* that the surety company's action against the brewing company was for a
wrong committed by the latter company, and was not based upon any con-
tractual relation between a principal and a surety;

That the plaintiff was entitled to recover the amount of the original judgment
rendered in the action upon the bond, but was not entitled to recover the costs
allowed against it on the appeals to the Appellate Division and to the Court of
Appeals, or any expenses for counsel fees or disbursements which it had
incurred, as the latter items were not damages flowing directly from the
defendant's wrongful act.

It is not absolutely necessary that a motion to vacate an assessment of damages
shall be based upon a case and exceptions; if there is no question as to the
correctness of the stenographer's minutes, the motion may properly be based
upon them.

APPEAL by the defendant, The American Brewing Company,
from an order of the Supreme Court, made at the Monroe Special
Term and entered in the office of the clerk of the county of Monroe
on the 11th day of May, 1903, denying the defendant's motion to
set aside an assessment of damages.

*P. M. French,* for the appellant.

*Charles Van Voorhis,* for the respondent.

WILLIAMS, J.:

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted and reassessment of damages ordered, with costs. The question involved in this appeal is the measure of the plaintiff's damages.

The case was tried and complaint dismissed upon the ground that it did not state facts sufficient to constitute a cause of action. The exception to this disposition of the case was directed to be heard in the first instance by the Appellate Division. The Appellate Division sustained the exception and ordered a new trial (70 App. Div. 511). The defendant appealed to the Court of Appeals and gave the usual stipulation for judgment absolute in case of an affirmance by that court. The Court of Appeals affirmed the decision of the Appellate Division (174 N. Y. 486), and judgment absolute was ordered upon the stipulation for the plaintiff. The assessment of damages was then had before the court, a jury being waived.

The action was brought to recover damages sustained by plaintiff by reason of the wrongful acts of the defendant, growing out of the following facts: The plaintiff was engaged in the business of issuing surety bonds. The defendant was engaged in the business of manufacturing and selling beer, ales, etc. The plaintiff, as surety, executed a bond in the penalty of $1,000, conditioned that if a liquor tax certificate, applied for by one Kurtz, for the purpose of engaging in the business of trafficking in liquors at 153 East Main street, Rochester, N. Y., was granted, Kurtz would not suffer or permit any gambling upon the licensed premises, and would not permit or suffer the same to become disorderly, and would not violate any of the provisions of the Liquor Tax Law. The tax certificate was issued, the bond being executed by Kurtz and delivered. Although Kurtz was named in the bond and executed it as principal, and the liquor tax certificate was upon its face issued to him, he was merely the agent and employee of the defendant, which was the real principal and owner of the certificate, and was carrying on the business in the name of Kurtz, and the fact was concealed from

plaintiff by Kurtz and defendant. The defendant held the lease of the store where the business was carried on, and owned all the stock of liquors and fixtures therein, and paid Kurtz ten dollars per week to manage the business, paid the expenses, the license fee, and the plaintiff for becoming surety on the bond. A nickel-in-the-slot machine was, by the direction of the defendant, kept and maintained in the store and defendant had the receipts therefrom. An action was commenced by the State Excise Commissioner against Kurtz and this plaintiff upon the bond, to recover the penalty thereof, on the ground that the nickel-in-the-slot machine was maintained in the premises and was a gambling device upon which people gamed and played for money by chance. The defendant herein directed the attorneys to appear in that action for Kurtz and to defend the same and they did so. This plaintiff appeared in that action by its attorneys and defended the action also. That action was tried before the court and a jury, and a verdict was rendered against both defendants for $1,000. An order was made denying a motion for a new trial, and from that order an appeal was taken to the Appellate Division where the order was affirmed, with costs. (*Lyman* v. *Kurtz*, 48 App. Div. 633.) A judgment was then entered for the amount of the verdict, $1,000, and $279.38 costs, which apparently covered the costs in the trial court and Appellate Division. This was February 23, 1900. On the trial of that action this plaintiff first discovered the facts hereinbefore stated as to Kurtz's relations to defendant with reference to the business, etc., and soon thereafter demanded of defendant herein that it assume the defense of that action, and offered to surrender control of the litigation, but such demand and offer was refused by this defendant. Soon after the entry of the judgment aforesaid, and about March 5, 1900, this plaintiff notified this defendant that it would look to defendant for the payment of any judgment which it might be compelled to pay in that action, and for the costs and expenses of the defense of that litigation and of the appeals. The plaintiff thereafter appealed to the Court of Appeals and the judgment was there affirmed, with costs (*Lyman* v. *Kurtz*, 166 N. Y. 274), and judgment for such costs was entered, amounting to $118.85. Kurtz did not appeal to the Court of Appeals apparently, or if he did, the appeal

was withdrawn.  April 18, 1901, this plaintiff paid the two judgments aforesaid, amounting with interest to $480.33.  It also paid $640.53 for expenses and services of counsel incurred in the defense of that action on the trial and upon the appeals, viz.: On trial, counsel, $250; witness' fees, $10; Appellate Division, counsel, $100; fees stenographer and printing, $108.73; Court of Appeals, counsel, $100; printing and other expenses, $71.80.  There was no dispute upon the assessment of damages as to the facts.  The only question there was and now is, what items were properly allowable in making up the damages.  That action as it was considered by the Court of Appeals was one to recover damages for a wrong committed by the defendant.  The right to recover was not based upon any contractual relation between a principal and a surety.  The cases, therefore, cited by counsel which arose between principals and sureties, have no application to the question here involved.  The damages allowable here are those which flow directly from the wrongful act of the defendant.  Such act violated the condition of the bond and rendered the plaintiff liable for the penalty thereof and such costs as the State Commissioner of Excise should necessarily incur in procuring a judgment and enforcing payment of the same.  If the plaintiff saw fit itself to increase the expenses necessary to be incurred by the commissioner, such additional expenses could not be regarded as damages flowing directly from the defendant's wrongful act, but as occasioned by the plaintiff itself.  The costs of the commissioner for the trial, by reason of the defense interposed, are properly allowable, because the defendant itself procured Kurtz to defend and that rendered the trial necessary.

The judgments in that action, therefore, so far as they were for the costs of the appeals, were not proper items of damages allowable in this case, and the same is true as to all expenses for counsel fees and disbursements made and incurred by the plaintiff itself.  They were not damages flowing directly from the defendant's wrongful act.

In *Fallon* v. *Wright* (82 App. Div. 193) these principles are clearly stated.  The damages allowable there were "as for an act wrongfully done."  A veteran was unlawfully removed from office and incurred considerable expense in procuring himself to be reinstated, but the court held this expense was not allowable as an item of damages in the action.

We conclude that the court below erred in the allowance of damages; that only the first judgment (less such costs as were for proceedings upon appeal to the Appellate Division) was allowable as damages in this case.

The practice in making the motion to vacate the assessment of damages was fairly proper in this case; a case and exceptions was not absolutely necessary. If there was no question as to the correctness of the stenographer's minutes, the motion could be based upon them as showing what occurred in court. (*Yaw* v. *Whitmore,* 66 App. Div. 317, 321.)

The order should be reversed and motion granted as already stated.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted and reassessment of damages ordered, with ten dollars costs.