CITY TRUST, SAFE DEPOSIT & SURETY CO. OF PHILADELPHIA v.
AMERICAN BREWING CO.

(Supreme Court, Appellate Division, Fourth Department.   November 17, 1903.)

1. BONDS—PRINCIPAL AND SURETY—MEASURE OF DAMAGE—COSTS OF APPEAL.
   In a suit on a bond for the penalty, it appeared that the principal obligor was the agent of an undisclosed principal, who directed attorneys to defend the suit for the agent; the surety on the bond also defending.   From a judgment on the bond an appeal was taken to the Appellate Division, where the judgment was affirmed.   Soon thereafter the surety notified the undisclosed principal that it would look to the latter for the payment of any judgment, and for costs and expenses of litigation and of the appeals.   The surety thereafter appealed to the Court of Appeals, where the judgment was again affirmed; the principal obligor not joining in this appeal.   *Held*, that the undisclosed principal was liable to the surety only for the amount of the judgment and the costs of the first trial, and not for the costs of the appeals.

**2.** MOTIONS—STENOGRAPHER'S MINUTES—CASE AND EXCEPTIONS.

A motion to vacate an assessment of damages may be based upon the stenographer's minutes, if there is no question as to their correctness; a case and exceptions not being indispensable.

Appeal from Special Term, Monroe County.

Action by the City Trust, Safe Deposit & Surety Company of Philadelphia against the American Brewing Company. From an order denying a motion to set aside an assessment of damages, defendant appeals. Reversed.

See 75 N. Y. Supp. 140; 59 N. E. 903; 67 N. E. 62.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Satterly, Bissell, Taylor & French, for appellant.
John Van Voorhis & Sons, for respondent.

WILLIAMS, J. The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, and reassessment of damages ordered, with $10 costs.

The question involved in this appeal is the measure of the plaintiff's damages. The case was tried, and complaint dismissed upon the ground that it did not state facts sufficient to constitute a cause of action. The exception to this disposition of the case was directed to be heard in the first instance by the Appellate Division. The Appellate Division sustained the exception and ordered a new trial. 70 App. Div. 511, 75 N. Y. Supp. 140. The defendant appealed to the Court of Appeals, and gave the usual stipulation for judgment absolute in case of an affirmance by that court. The Court of Appeals affirmed the decision of the Appellate Division (174 N. Y. 486, 67 N. E. 62), and judgment absolute was ordered upon the stipulation for the plaintiff. The assessment of damages was then had before the court, a jury being waived. The action was brought to recover damages sustained by plaintiff by reason of the wrongful acts of the defendant, growing out of the following facts: The plaintiff was engaged in the business of issuing surety bonds. The defendant was engaged in the business of manufacturing and selling beer, ales, etc. The plaintiff, as surety, executed a bond in the penalty of $1,000, conditioned that if a liquor tax certificate applied for by one Kurtz for the purpose of engaging in the business of trafficking in liquors at 153 East Main street, Rochester, N. Y., was granted, Kurtz would not suffer or permit any gambling upon the licensed premises, and would not permit or suffer the same to become disorderly, and would not violate any of the provisions of the liquor tax law. The tax certificate was issued, the bond being executed by Kurtz and delivered. Although Kurtz was named in the bond and executed it as principal, and the liquor tax certificate was upon its face issued to him, he was merely the agent and employé of the defendant, which was the real principal and owner of the certificate, and was carrying on the business in the name of Kurtz, and the fact was concealed from plaintiff by Kurtz and defendant. The defendant held the lease of the store where the business was carried on, and owned all the stock of liquors and fixtures therein, and paid Kurtz $10 per week to

manage the business; paid the expenses, the license fee, and the plaintiff for becoming surety on the bond. A nickel-in the-slot machine was, by the direction of the defendant, kept and maintained in the store, and defendant had the receipts therefrom. An action was commenced by the State Excise Commissioner against Kurtz and this plaintiff upon the bond, to recover the penalty thereof, on the ground, that the nickel-in-the-slot machine was maintained in the premises, and was a gambling device, upon which people gamed and played for money by chance. The defendant herein directed the attorneys to appear in that action for Kurtz, and to defend the same, and they did so. This plaintiff appeared in that action, by its attorneys, and defended the action, also. That action was tried before the court and a jury, and a verdict was rendered against both defendants for $1,000. An order was made denying a motion for a new trial, and from that order an appeal was taken to the Appellate Division, where the order was affirmed, with costs. A judgment was then entered for the amount of the verdict, $1,000, and $279.38 costs, which apparently covered the costs in the trial court and Appellate Division. This was February 23, 1900. On the trial of that action this plaintiff first discovered the facts hereinbefore stated as to Kurtz' relations to defendant with reference to the business, etc., and soon thereafter demanded of defendant herein that it assume the defense of that action, and offered to surrender control of the litigation, but such demand and offer were refused by this defendant. Soon after the entry of the judgment aforesaid, and about March 5, 1900, this plaintiff notified this defendant that it would look to defendant for the payment of any judgment which it might be compelled to pay in that action, and for the costs and expenses of the defense of that litigation and of the appeals. The plaintiff thereafter appealed to the Court of Appeals, and the judgment was there affirmed, with costs (166 N. Y. 274, 59 N. E. 903), and judgment for such costs was entered, amounting to $118.85. Kurtz did not appeal to the Court of Appeals, apparently, or, if he did, the appeal was withdrawn. April 18, 1901, this plaintiff paid the two judgments aforesaid, amounting, with interest, to $480.33. It also paid $640.53 for expenses and services of counsel incurred in the defense of that action on the trial and upon the appeals, viz.: On trial: Counsel, $250; witness fees, $10. Appellate Division: Counsel, $100; fees stenographer and printing, $108.73. Court of Appeals: Counsel, $100; printing and other expenses, $71.80. There was no dispute upon the assessment of damages as to the facts. The only question there was, and now is, what items were properly allowable in making up the damages? This action, as it was considered by the Court of Appeals, is one to recover damages for a wrong committed by the defendant. The right to reverse is not based upon any contractual relation between a principal and a surety. The cases, therefore, cited by counsel which are between principals and sureties have no application to the question here involved. The damages allowable here are those which flow directly from the wrongful act of the defendant. Such act violated the condition of the bond, and rendered the plaintiff liable for the penalty thereof, and such costs as the State Commissioner of Excise should necessarily incur in procuring a judgment, and

enforcing payment of the same. If the plaintiff saw fit itself to increase· the expenses necessary to be incurred by the commission, such additional expenses could not be regarded as damages flowing directly from the defendant's wrongful act, but as occasioned by the plaintiff himself. The costs of the commissioner, for the trial, by reason of the defense interposed, is properly allowable, because the defendant himself procured Kurtz to defend, and that rendered the trial necessary. The judgments in that action, therefore, so far as they were for the costs of the appeals, were not proper items of damages allowable in this case, and the same is true as to all expenses for counsel fees and disbursements made and incurred by the plaintiff himself. They were not damages flowing directly from the defendant's wrongful act. In Fallow v. Wright, 82 App. Div. 193, 81 N. Y. Supp. 758, these principles are clearly stated. The damages allowable there were "as for a wrongful act done." A veteran was unlawfully removed from office, and incurred considerable expense in procuring himself to be reinstated, but the court held this expense was not allowable as item of damages in the action.

We conclude that the court below erred in the allowance of damages; that only the first judgment, less such costs as were for proceedings upon appeal to the Appellate Division, was allowable as damages in this case.

The practice in making the motion to vacate the assessment of damages was fairly proper in this case. A case and exceptions was not absolutely necessary. If there was no question as to the correctness of the stenographer's minutes, the motion could be based upon them, as showing what occurred in court. Yaw v. Whitman, 66 App. Div. 317, 321, 72 N. Y. Supp. 765.

The order should be reversed, and motion granted, as already stated.

Order reversed, with $10 costs and disbursements, and motion granted, and reassessment of damages ordered, with $10 costs. · All concur.